S96A0080, S96X0081. WHARTON v. HENRY; and vice versa.

(469 SE2d 27)

BENHAM, Chief Justice.

In 1989, Charles Henry pled guilty to distribution of cocaine and received a 20-year sentence, with 90 days to serve in custody and the remainder on probation. That probation was revoked in June 1991 after Henry committed armed robbery and aggravated assault. In April 1995, acting pro se, Henry filed an application for a writ of habeas corpus in which he contended, among other things, that his 1989 guilty plea was involuntary because the court which accepted his guilty plea failed to ascertain the factual basis for the plea.[1]

At a hearing on the application for habeas relief, it was established that no transcript of the guilty plea hearing exists, and that Henry was not represented by counsel when he tendered his guilty plea to the trial court. The trial court accepted the guilty plea using a pre-printed order which stated that the court had "affirmatively determined that . . . there is a factual basis for the plea of guilty. . . ." However, none of the documents placed before the trial court established any of the facts of the offense to which Henry pled guilty. At the habeas hearing, the former assistant district attorney (ADA) who had represented the State when Henry pled guilty testified that he and his secretary had reviewed the acknowledgment and waiver of rights form with Henry, and that the former ADA had informed the trial court of the factual basis for the plea. The former ADA testified that he had told the trial court that Henry had distributed cocaine to a confidential informant or undercover police officer. Relying on this Court's recent decisions in *Evans v. State,* 265 Ga. 332 (454 SE2d 468) (1995) and *Green v. State,* 265 Ga. 263 (454 SE2d 466) (1995), the habeas court determined that the guilty plea record was insufficient to establish the existence of a factual basis for the guilty plea, and ordered that Henry be allowed to withdraw his guilty plea. The Warden appeals from the habeas court's order (S96A0080), and Henry has filed a cross-appeal, claiming that the habeas court should

---

[1] At the habeas hearing, Henry was permitted to amend his petition to allege that his incarceration resulting from the revocation of his parole was unlawful because he was not afforded counsel at the revocation hearing. The habeas court postponed an evidentiary hearing on the amendment in light of the court's concerns about the existence of a factual basis for Henry's plea.

have ordered his immediate release (S96X0081).

1. In *Evans*, supra, 265 Ga. at 334, we held that the provisions of Uniform Superior Court Rule 33.9 are mandatory, i.e., a trial court must make itself aware of the factual basis for the guilty plea before entering judgment thereon and, in so doing, produce a record which can be reviewed for abuse of discretion. In *Green*, supra, 265 Ga. at 264, we determined that a pre-printed plea petition containing standard questions which did not elicit the facts of the charges against the defendant did not provide a sufficient factual basis for the plea. Here, the trial court's summary statement that there is a factual basis for the plea when the record of the guilty plea hearing provides none of the facts underlying the charge is similarly deficient as it does not provide the factual basis for the plea necessary for a review for abuse of discretion.

2. Should a reviewing court ascertain that the record does not demonstrate a factual basis for the plea, the reviewing court is then required to determine whether withdrawal of the defendant's guilty plea is necessary to correct a manifest injustice. *Evans*, supra, 265 Ga. at 336. In undertaking the manifest injustice analysis, the reviewing court is authorized to examine evidence that was not part of the guilty plea hearing. Id. In *Evans*, we based our conclusion that there was no manifest injustice in need of correction on the existence of an investigator's affidavit which recounted the victim's statements and provided an adequate factual basis for the crime. Today, we hold that a reviewing court conducting the manifest injustice analysis is not limited to the record of the guilty plea, but may consider subsequent evidence presented to the reviewing court. Stated another way, review for determination of whether there was a factual basis for a guilty plea is limited to the record created at the guilty plea hearing, while the manifest injustice review may take into consideration other evidence before the reviewing court as well as the evidence placed before the trial court accepting the guilty plea. The differing parameters of the evidentiary bases for the two examinations are justified by the rationale set forth in *Evans* at 336: limiting the pleader's ability to assert a tactical change of heart; avoiding the difficulty of undoing what has been done by the State in accordance with the accepted plea; and giving finality, within constitutional limitations, to an accepted guilty plea.

3. Because the habeas court granted relief to the petitioner without undertaking the "manifest injustice" analysis, we remand the case to the habeas court in order that it might determine whether withdrawal of Henry's guilty plea is necessary to correct a manifest injustice.

*Case remanded with direction. All the Justices concur, except Thompson, J., who dissents.*

THOMPSON, Justice, dissenting.

I dissented in *State v. Evans*, 265 Ga. 332, 334 (454 SE2d 468) (1995), to express the opinion that strict compliance with USCR 33.9 and 33.11 (C) should be required. Today, the court greatly expands our ruling in *Evans*, by permitting the reviewing court to consider material not of record in the sentencing court, but subsequently placed in evidence.[2] I strongly disagree with this procedure because it is contrary to the Uniform Superior Court Rules and it eliminates the incentive for adherence to those rules. Furthermore, the procedure permits reliance on stale recollections which, as is apparent in the present case, may be faulty. Because I conclude that the documentary evidence of record in the sentencing court demands withdrawal of Henry's guilty plea to correct what I perceive as a manifest injustice, I see no necessity to expand the inquiry permitted by *Evans*, and I respectfully dissent.

The plea hearing was neither recorded nor transcribed. Henry was arrested on April 13, 1989 in Lanier County, Georgia, on a warrant allegedly charging him with "possession and distribution of cocaine." When it became apparent that Henry was interested in pleading guilty to the charges, he was transported to Cook County for that purpose. In the meantime, an ADA in Cook County drafted an accusation charging Henry with "trafficking in cocaine." When the ADA received the warrant, he apparently realized the charging error and partially corrected the accusation to show "distribution of cocaine." But the accusation was only corrected in part; it continued to specify a violation of the trafficking statute, OCGA § 16-13-31 (a), and accused the defendant "with the offense of trafficking in cocaine." Henry was presented with a pre-printed "acknowledgment and waiver of rights" form. All of the responses had been handwritten prior to presenting the form to the defendant. At some unspecified time, certain corrections were made; e.g., trafficking was crossed out by hand and changed to distribution, as were the affirmative answers relating to discussion of the case with counsel, the explanation of rights and the nature of the charges. It is not clear whether the defendant was even aware of these uninitiated changes. Henry signed the form and the trial court accepted his plea.[3]

---

[2] *Evans* limited the inquiry to evidence of record at the time the plea was entered. That is, the

> trial court [could] learn the factual basis from material contained in parts of the record other than the guilty plea hearing so long as the trial court makes clear on the plea hearing record that he is relying on those parts of the record and so long as those parts of the record are made a part of the record for appeal.

Id. at 335.

[3] The court's pre-printed order is inconsistent with the facts of the case as it refers to "questioning of the defendant (and his counsel)."

In *Evans* the court acknowledged that a case by case analysis must be conducted to determine whether withdrawal of a guilty plea should be permitted after sentencing to correct a manifest injustice. Guidance was offered as follows:

> [I]t has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.

*Evans*, supra at 336.

Given the confusion surrounding the uncounseled and unrecorded guilty plea, I would hold that withdrawal of Henry's guilty plea is mandated to correct a manifest injustice under *Evans*. I see no need to remand, as the majority proposes, for the habeas court to conduct a manifest injustice analysis. The record speaks for itself. The plea was entered without the benefit of counsel, without a showing that the trial court satisfied itself regarding the factual basis for the plea, and without a clear understanding on the part of the defendant as to what the charges actually were. *Evans* acknowledges that the reviewing court may make the determination as to whether withdrawal of the plea is necessary to correct a manifest injustice. I conclude that it is, and I would affirm the ruling of the habeas court.

This case presents a clear example of why USCR 33 was promulgated and why adherence to that rule is necessary. At that critical point in the proceedings when an accused waives his constitutional rights and is transformed into a convicted felon, a verbatim record is necessary to determine whether those rights were knowingly and voluntarily relinquished. Indeed, *Evans*, supra at 334 held, "that the provisions of USCR 33, including 33.9, are mandatory." "[B]y making a record of the guilty plea hearing, the state will be better able to show that the plea was voluntarily and intelligently entered. Additionally, the reviewing court can determine that the rights of the accused have been protected. . . . 'A comprehensive on-the-record inquiry . . . "forestalls the spin-off of collateral proceedings" . . .' [cit.]." *State v. Germany*, 245 Ga. 326, 328 (265 SE2d 13) (1980).[4] I again impress upon the bench and bar the need to adhere to USCR 33 in entertaining and accepting guilty pleas.

---

[4] While the federal courts require "nearly literal compliance with their Rule 11 [FRCrP] procedure," this Court has declined to do so. *Germany*, supra at 327. See also *Ford v. State*, 248 Ga. 241 (282 SE2d 308) (1981). But USCR 33.9, adopted following *Germany* and *Ford*, and in response thereto, "corresponds, almost verbatim, with Rule 11 (f) of the FRCrP." *Evans*, supra at 333.

██

DECIDED APRIL 11, 1996.

*Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellant.

Charles Henry, *pro se.*