A97A1523. WOODY v. THE STATE.
(494 SE2d 685)

BIRDSONG, Presiding Judge.

Karen Linn Woody was accused in Clayton County State Court of driving under the influence, having no insurance, having no driver's license, red light violation, seat belt violation, and fleeing. She was also charged with obstructing an officer. Appellant was arrested on January 10, 1996 and was in jail from that time. Accusations were filed on January 23, 1996. The next day, January 24, appellant was taken from jail to court where, without an attorney, she pled guilty and was sentenced.

After sentencing, on January 30, counsel was appointed for her. The next day, February 1, 1996, appointed counsel filed a discovery motion, request for jury trial, and other pleadings indicating he did not know Woody had already pled guilty. He was soon advised, for on February 9 he filed a motion styled "motion for new trial," which sought to withdraw Woody's guilty pleas, arranged a hearing date, and filed a request for a court reporter. However, there is no transcript of that hearing. The trial court denied permission to appellant to withdraw her pleas.

Counsel avers in his statement of facts, which is not denied by the State, that on realizing there were no transcripts, he amended the Notice of Appeal to exclude transcripts. Counsel seeks dismissal

of the appeal as frivolous and seeks permission to withdraw; but counsel nevertheless enumerates as error the trial court's ruling that the State proved the guilty pleas were free and voluntary and that there was a factual basis for the pleas. *Held*:

1. Counsel's motion to withdraw on grounds that he has examined the basis for appeal and finds it frivolous, is in the nature of a motion under *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). This Court has not permitted *Anders* motions since 1988. See *Fields v. State*, 189 Ga. App. 532, 533 (376 SE2d 912), where we followed *Huguley v. State*, 253 Ga. 709, 710 (324 SE2d 729) which decried being forced to "[review] the entire record and transcript with very little assistance from counsel who is in a far better position to perceive error than is an appellate court looking at a cold record," and we therefore held and announced that "the *Anders* motion will no longer be entertained in this court."

In *Fields* and later cases when an appellant's attorney avers his criminal appeal is frivolous, we have reviewed each record for substantive error and we have determined whether the evidence supports the verdict under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Scott v. State*, 193 Ga. App. 577 (388 SE2d 416). This method of providing due process is far from satisfactory, for by its nature a review with "very little assistance" from counsel tends to deprive the criminal defendant of effective assistance of counsel.

In *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) the Supreme Court attempted to provide a means for uniform treatment of procedurally deficient appeals in criminal cases. *Rowland* does not mention cases where counsel makes an *Anders* motion but its analysis of "sua sponte appellate review" (id. at 874) is pertinent here. The court in *Huguley* said the *Anders* motion is "unduly burdensome in that it tends to force the court to assume the role of counsel for the appellant." Any sua sponte appellate review in cases of "incomplete appellate filings" is flawed, for it replaces the defendant's or his attorney's scrutiny of the trial record with an appellate court's cursory review of the record for clear and grave injustice. Id., quoting *Whittle v. State*, 210 Ga. App. 841, 842 (437 SE2d 842) (dissent). It may even frustrate future habeas corpus review. *Rowland*, supra at 874.

*Rowland* involved an untimely filing of notice of appeal. The court held that a sua sponte appellate review is permissible only because a frustrated right of appeal may be remedied by the judicially-created right to an "out-of-time appeal." Id. at 875. The court also held that in all cases of procedurally deficient appeals, the remedy is dismissal of the case and the provision for an out-of-time appeal.

We reverse this judgment and remand the case for re-hearing

upon our own review of the record, but because of the disservice a sua sponte review does in most cases, we think that in the future the better treatment of impermissible *Anders* motions would be the "uniform treatment" of procedurally deficient appeals provided in *Rowland*: dismissal and allowance for a *new* "out-of-time" appeal.

2. The State has the burden to prove that a guilty plea was entered freely and voluntarily, with an understanding of the nature of the charges and the consequences of the plea; and that there was a valid waiver of the federal rights against self-incrimination, to a jury trial, and to confront one's accuser may not be presumed from a silent record. *Boykin v. Alabama*, 395 U. S. 238, 242-243 (89 SC 1709, 23 LE2d 274, 279-280) (1969).

The trial court erred in denying appellant's motion "for new trial" by which she sought to withdraw her guilty pleas. The words, "The court has been provided and finds sufficient factual basis exists for acceptance of this plea" are stamped on the pleas above the judge's signature accepting each plea, but these words provide no basis on which *the appellate court* can ascertain whether the trial court abused its discretion in refusing to allow appellant to withdraw her guilty pleas.

In accepting appellant's guilty pleas the state court did not follow Uniform State Court Rule 33. The Uniform State Court Rules have adopted the Superior Court Rules unless otherwise specifically stated. See preamble (A) through (E) of the Uniform State Court Rules. Uniform State Court Rule 33.11 thus provides: "*A record of the proceedings at which a defendant enters a plea of guilty or nolo contendere shall be made and preserved.* The record should include: (A) the inquiry into the voluntariness of the plea (as required in [Uniform Superior Court Rule] 33.7); (B) the advice to the defendant (as required in [Uniform Superior Court Rule] 33.8); (C) the inquiry into the accuracy of the plea (as required in [Uniform Superior Court Rule] 33.9)." (Emphasis supplied.)

Section 33.9 of the Uniform Superior Court Rules provides: "Notwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making *such inquiry on the record as may satisfy him that there is a factual basis for the plea.*" Uniform Superior Court Rule 33.9, as adopted by the Uniform State Court Rules.

An appellate court's analysis of a superior court rule applies to state court proceedings where that rule has been adopted. See *King v. State*, 226 Ga. App. 576 (486 SE2d 904). In *State v. Evans*, 265 Ga. 332 (454 SE2d 468) after noting that a defendant "may know what he has done but may not know that those acts do not constitute the crime with which he is charged" (id. at 334), the court held that the provisions of Uniform Superior Court Rule 33.9 which also govern

state court proceedings are "mandatory in this state." Id. at 334. Uniform Superior Court Rule 33.9 requires the trial court to exercise discretion to subjectively satisfy itself that there is a factual basis for the plea. Where there is a motion to withdraw a plea according to Uniform Superior Court Rule 33.12 (which also applies to state court proceedings), "it is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred" in denying a motion to withdraw the plea. Id. In *Evans*, failure to comply with Rule 33.9 did not mandate withdrawal of the guilty plea because the record contained an investigator's affidavit giving the victim's detailed statements, and thus the Supreme Court held there was no "manifest injustice" in denying withdrawal of the plea.

*Green v. State*, 265 Ga. 263 (2) (454 SE2d 466) emphasized the necessity to establish *for the appellate court* a factual basis for the plea as required by Uniform Superior Court Rule 33.9. The refusal to allow withdrawal of the plea was affirmed because the transcript of the guilty plea hearing showed a factual basis for the plea. *Green* held that a factual basis for the plea was not established by the plea petition and by Green's testimony against a co-defendant, but "the indictment provided ample information from which the trial court could discern *that the facts alleged by the state actually satisfied the elements of the charges to which Green was pleading guilty*." (Emphasis supplied.) Id. at 265.

In this case there are no facts in the record from which the appellate court can determine the factual basis for the several guilty pleas. According to a precise reading of *Evans* and *Green*, it is not sufficient that the State show a factual basis was determined; it must *show the factual basis* so the appellate court can determine whether a manifest injustice will occur unless the plea is withdrawn. "[I]f the factual basis is placed on the record of the plea hearing," post conviction attacks are more easily handled. *Evans*, supra at 334.

In a similar case, where a statement printed on a plea form disclosed that the court had found a sufficient basis for the plea, we held: "[S]tanding alone, the valid and probing pre-printed plea petition is not sufficient to elicit a sufficient factual basis for a guilty plea to any particular charge. See *Green v. State*, [supra at 264 (2)]. Similarly, a trial court's summary and conclusory statement that a factual basis exists, without specifying any of the facts underlying the charge, also is deficient. *Wharton v. Henry*, 266 Ga. 557, 558 (1) (469 SE2d 27)." *King v. State*, supra at 582. However, in that case scrutiny of the record of that guilty plea as supplemented by the transcript of the hearing on defendant's motion to withdraw her guilty pleas clearly indicated *not only* that the trial court in that case was informed of the factual basis of the charges but *also what that factual*

*basis was,* sufficiently to allow the appellate court to determine whether the trial court abused its discretion in denying that defendant's motion to withdraw her plea.

In this case, there is no transcript of the plea hearing. There is no transcript of the hearing on appellant's motion to withdraw her pleas, despite her specific written request that this hearing be recorded. The traffic tickets merely recite the charges. The record does not contain a factual basis for the pleas and therefore we cannot determine whether the trial court could discern facts which supported the pleas (*Green,* supra at 265), and we cannot determine whether the trial court abused its discretion in denying the motion to withdraw the pleas. *Evans,* supra.

Although we have held that when there is no transcript of the plea hearing, the State may use extrinsic evidence to carry its burden (*Parks v. State,* 223 Ga. App. 694, 695 (479 SE2d 3)), this cannot be done where there is nothing in the record to show that a factual basis for the charges was established.

The case is remanded with direction to the court below to conduct and record a new hearing on appellant's request to withdraw her pleas and to rule specifically thereon, complying in all respects with Uniform State Court Rules including Uniform Superior Court Rules adopted therein and analyzed in *Evans* and *Green,* supra.

*Judgment reversed and case remanded. Ruffin and Eldridge, JJ., concur.*

DECIDED OCTOBER 30, 1997 —
RECONSIDERATION DENIED DECEMBER 15, 1997.

*James W. Bradley,* for appellant.
*Keith C. Martin, Solicitor, Kimberly A. Gross, Assistant Solicitor,* for appellee.