A98A1334. CRAFT v. THE STATE.
(506 SE2d 663)

RUFFIN, Judge.
Glenn Craft pled guilty to the charge of battery. On appeal, he contends the trial court erred by (1) accepting his guilty plea and (2) denying his motion to withdraw the guilty plea. For reasons which follow, we affirm.

The record shows that Craft was charged with the offense of battery after he intentionally caused visible bodily harm to his wife, Nicole Craft. Although the hearing in which Craft pled guilty to this offense was not transcribed, he did sign a written form "plea statement," which was filed with the clerk of court on the same date it was signed by Craft.

In this plea statement, Craft acknowledged the following: "I understand that I may plead not guilty to any charge against me. If I plead not guilty, the law gives me (1) the right to a speedy and public jury trial; (2) the right to see, hear and cross-examine all witnesses called against me; (3) the right to use the power of the court to subpoena witnesses and evidence to be used to defend me; (4) the

right to have a lawyer to assist me at all stages of the proceedings; (5) that I do not have to testify or produce evidence against myself; (6) that I have the right to have the State prove my guilt beyond a reasonable doubt, and until that is done, I am presumed innocent. I understand that if I cannot afford to hire an attorney, that the Court may appoint an attorney to represent me without cost to me. I understand that the law provides that a sentence could be imposed that could include 12 months imprisonment and a fine of up to $5,000.00. I also understand that by entering a plea of guilty or nolo contendere, the Court may sentence me as if I had stood trial and been convicted by a jury. I understand that the Court may make my sentences run consecutively, that is, one after the other. I understand that a lawyer may be able to discover a defense to the charge(s) pending against me, or could offer evidence which may aid insofar as sentencing is concerned. Nevertheless, I have read the accusation against me, understand the nature of the charges against me and the consequences of my plea, and I freely and voluntarily waive my right to counsel."

The form indicates that Craft was not represented by counsel at the plea hearing and further states: "My date of birth is 5/14/59 and I have 12 years of education. No one has made any promise of any kind to me, or within my knowledge, to anyone else that I will receive a lesser sentence, or probation, or any form of leniency if I enter this plea. I am not under the influence of any drugs or intoxicants of any kind. I understand that the Judge is not bound by any recommendation or negotiations. The Judge may impose a lesser sentence, greater sentence, or may accept the recommendation. I am entering this plea freely and voluntarily, of my own accord, and with full understanding of all the matters set out in the accusation and in this plea statement, and this plea is done with the advice and consent of my attorney, if any. I have read and understand the above plea statement. I am signing this plea statement in the presence of the court." (Paragraph indentions omitted; emphasis in original.)

The trial judge signed the plea statement under the following language: "The above statement having been made by the Defendant in the presence of the Court, the foregoing rights afforded the Defendant having been personally read to the Defendant by the Court, the Court being satisfied that the Defendant understands all rights applicable to him/her, all the consequences of his plea, that the plea is entered knowingly, freely and voluntarily, and there having been a sufficient factual basis shown for the acceptance of this plea, IT IS HEREBY ORDERED that the Defendant's plea be accepted."

Three days after Craft pled guilty and was sentenced, his current counsel filed an entry of appearance and moved to withdraw his guilty plea. At the conclusion of the hearing on this motion, the trial

judge explained that "[t]he order which is on file in this case is not merely a form. . . . It is a memorialization of the personal inquiry that I make in each and every case when a defendant pleads guilty or nolo contendere before me. The findings which are represented in that plea statement, are true findings; and not merely form findings." The trial judge also detailed the inquiry he made during Craft's plea statement before denying the motion to withdraw the plea.

1. Craft asserts the trial court erred in denying his motion to withdraw his plea because the State failed to carry its burden of showing that his plea was knowing and voluntary. We disagree. " 'An accused may withdraw a guilty plea at any time before judgment is announced and may then plead not guilty. However, once sentence is pronounced (as occurred in this case), a withdrawal of a plea is within the sound discretion of the court, and this discretion will not be disturbed unless there is a manifest abuse of discretion. (Cit.)' [Cit.]" *Collins v. State*, 163 Ga. App. 403 (294 SE2d 623) (1982). "After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." *Roberts v. Greenway*, 233 Ga. 473, 475 (1) (211 SE2d 764) (1975).

We find no merit in Craft's contention that the State failed to meet this burden. The written plea statement signed by Craft, as well as the record of the hearing on the motion to withdraw the plea, satisfies the State's burden of proving that his plea was knowing and voluntary. See *King v. State*, 226 Ga. App. 576, 584 (4) (486 SE2d 904) (1997) (cert. granted); *Obi v. State*, 230 Ga. App. 476 (1) (496 SE2d 556) (1998).

2. Craft claims his plea was entered unintelligently because he mistakenly believed that he "could expedite the process without facing any jail time or fine or both" by pleading guilty. Craft also asserts that his "plea was entered while he was intimidated in Court." Thus, according to Craft, the trial court erred when it denied his motion to withdraw his plea. These claims provide no basis for requiring the withdrawal of his guilty plea. Craft's claims of mistake and intimidation contradict the plea statement signed by Craft.

The question of whether to permit withdrawal of a guilty plea rests in the sound discretion of the trial court. *Neal v. State*, 216 Ga. App. 223, 224 (453 SE2d 807) (1995). Any question of credibility was for the trial court to determine, and we find no abuse of discretion by

the court. Id. See also *Manues v. State*, 232 Ga. App. 454 (501 SE2d 826) (1998).

3. Craft contends the trial court erred in accepting his guilty plea without ascertaining the factual basis for his plea on the record as required by Uniform Superior Court Rule 33.9. "USCR 33.9 requires the trial court to make 'such inquiry on the record as may satisfy him that there is a factual basis for the plea.'" *State v. Evans*, 265 Ga. 332, 334 (2) (454 SE2d 468) (1995). In *Evans*, the Supreme Court of Georgia determined that the "on the record" language of USCR 33.9 is obligatory and that the record of the plea hearing must show an inquiry by the trial court into the factual basis for the plea. Id. at 333-334. A trial court can learn the factual basis for the plea "from material contained in parts of the record other than the guilty plea hearing so long as the trial court makes clear on the plea hearing record that he is relying on those parts of the record and so long as those parts of the record are made a part of the record for appeal." Id. at 335 (2).

In this case, the State concedes and we find that the record of the plea hearing fails to show the factual basis for Craft's guilty plea as required by USCR 33.9. However, the State correctly asserts that our analysis does not end here.

In *Evans*, the Supreme Court held "that not every violation of Rule 33.9 mandates the grant of a motion to withdraw a plea." Id. at 335 (3). "Should a reviewing court ascertain that the record does not demonstrate a factual basis for the plea, the reviewing court is then required to determine whether withdrawal of the defendant's guilty plea is necessary to correct a manifest injustice. *Evans*, supra, 265 Ga. at 336. In undertaking the manifest injustice analysis, the reviewing court is authorized to examine evidence that was not part of the guilty plea hearing. Id." *Wharton v. Henry*, 266 Ga. 557, 558 (2) (469 SE2d 27) (1996). Thus, "review for determination of whether there was a factual basis for a guilty plea is limited to the record created at the guilty plea hearing, while the manifest injustice review may take into consideration other evidence before the reviewing court as well as the evidence placed before the trial court accepting the guilty plea." Id.

In *Evans*, the Supreme Court concluded that withdrawal of the guilty plea was not necessary to correct a manifest injustice because "the detailed statements of the victim that are outlined in the affidavit of the juvenile investigator provide a more than adequate factual basis for the crime." *Evans*, supra at 336. This affidavit "was contained in a part of the record outside the plea hearing." Id. at 332. Here, the affidavit of the victim was included in the record and provides a factual basis for Craft's guilty plea. As a result, we find "that withdrawal of [Craft's] guilty plea is not necessary to correct a mani-

fest injustice." Id. at 336.

4. We reject Craft's assertion that the trial court erred when it failed to immediately record the plea pursuant to OCGA § 17-7-93 (b). This statute provides that if a person pleads guilty at his arraignment, "the plea shall be immediately recorded on the minutes of the court by the clerk." Id. The record shows compliance with this statute because Craft's plea statement was filed with the clerk on the same date it was signed by Craft.

5. In his remaining enumeration of error, Craft asserts the "trial court erred in denying the Motion to withdraw guilty plea when the presiding judge took an active role as advocate for the State." We reject the notion that the trial court acted as an advocate for the State during the motion to withdraw hearing. The trial judge simply recited his recollection of Craft's plea hearing as a means of explaining his decision to deny the motion to withdraw. Accordingly, this enumeration is without merit. Cf. *King*, supra at 582.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 10, 1998.

*Murble A. Wright*, for appellant.

*Keith C. Martin, Solicitor, Rebecca G. Simpson, Assistant Solicitor*, for appellee.