S97G1555. KING v. THE STATE.
(509 SE2d 32)

FLETCHER, Presiding Justice.

Thelma Deloise King entered a plea of guilty to two misdemeanor charges at a hearing in state court that was not transcribed or recorded. She was sentenced to twelve-months imprisonment. A day later she moved to withdraw her guilty plea, which the trial court denied and the Court of Appeals of Georgia affirmed.[1] We granted the writ of certiorari to consider whether the court of appeals erred in ruling that King's guilty pleas were freely and voluntarily entered when the guilty plea hearing was not reported and there was no showing made on the record that the proper rules were followed. We hold that the pre-printed plea form that was completed by the prosecutor in this case and resulted in a term of imprisonment fails to constitute an adequate record of the guilty plea hearing and that withdrawal of King's guilty plea is necessary to correct a manifest injustice. Because of the problems caused by inadequate records, we also announce a new rule, to be applied prospectively, that requires state courts to produce a verbatim record of guilty plea hearings when a defendant is sentenced to a term of imprisonment.

FACTUAL HISTORY

King's guilty plea hearing in the Clayton County State Court was not recorded or reported. Instead, the record consists of three forms. The first form is the accusation charging King with driving with a suspended license and giving a false name and date of birth to

---

[18] *Cantrell,* 266 Ga. at 702-703, including fn. 2 at 702.
[1] *King v. State,* 226 Ga. App. 576 (486 SE2d 904) (1997).

a police officer on December 29, 1992. The second form, the plea statement, indicates that King was not represented by counsel when she entered her non-negotiated plea of guilty to both offenses on July 9, 1996. This pre-printed form states that the defendant has been advised of various constitutional rights, waived the right to counsel, and is entering the plea freely and voluntarily. Both the defendant and the trial judge signed the plea statement. A third form, the sentence, shows that the trial court sentenced King to six-months probation and a $500 fine for the suspended license and twelve-months imprisonment for giving a false name.

King hired an attorney and filed a motion to withdraw her guilty plea. Two days later, the same judge who took the guilty plea held a hearing on the motion to withdraw. At that hearing, which was transcribed, King testified that she did not understand what she was signing at the guilty plea hearing, did not understand what the judge was saying, had problems with her hearing, and did not hear the judge say that she could be fined and sentenced to twelve months in jail on each offense. The state presented no witnesses, but relied on the signed forms. The assistant solicitor stipulated that she filled out the guilty plea form for King by checking the appropriate boxes, but did not explain the document to her or negotiate with her about a plea. The trial court took judicial notice that the separate forms concerning the waiver of counsel and the right to a jury trial were never used when a defendant enters a guilty plea but only when the plea was not guilty. The trial judge also stated that King was individually arraigned and did not ask for an attorney until she was sentenced to twelve-months imprisonment. Finally, the trial judge stated for the record her recollection of the hearing and reasons for denying the motion to withdraw. King appealed and the court of appeals affirmed. We reverse.

## REQUIREMENTS OF THE RECORD IN GUILTY PLEA HEARINGS

1. The issue in this case is the "record" required in a guilty plea hearing in state court, which is a court of record, when the accused is sentenced to a term of imprisonment. In *Boykin v. Alabama*,[2] the United States Supreme Court held that it was error for a state trial court to accept a defendant's guilty plea without an affirmative showing on the face of the record that the plea was intelligent and voluntary. " 'Presuming waiver from a silent record is impermissible.' "[3] We

---

[2] 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[3] Id. at 242; see *Goodman v. Davis*, 249 Ga. 11 (287 SE2d 26) (1982) ("it is not permissible to presume from a silent record that a guilty plea was knowingly and voluntarily entered").

have interpreted *Boykin* as requiring that the record of the guilty plea hearing must be adequate for a reviewing court to determine "whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea."[4] The state has the burden on direct review to show that the plea was intelligently and voluntarily entered.[5] The state may meet its burden by showing on the record of the guilty plea hearing that the defendant was aware of the rights being waived and the consequences of the plea or by filling "a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary."[6]

The purpose of the record is to ensure that the state can meet its burden of proof on the voluntariness of the plea and to enable reviewing courts to determine that the rights of the accused have been protected.[7] "These goals can best be facilitated by advising the defendant of the constitutional rights which are waived by pleading guilty and by recording the dialogue between the defendant and the trial court to illustrate that the defendant understands the significance of the rights he is waiving."[8]

Following these decisions interpreting the application of *Boykin* in Georgia courts, this Court approved rules that govern pleading by criminal defendants. Uniform Superior Court Rule 33.11, which deals with the record of proceedings, follows the ABA recommendations relating to guilty pleas.[9] The rule requires that a verbatim record shall be made and preserved of any proceeding where a defendant enters a plea of guilty. The record must show that the trial judge determined on the record the voluntariness of the plea as required under Rule 33.7,[10] informed the defendant of certain rights

---

[4] *Goodman,* 249 Ga. at 13.

[5] *Stapp v. State,* 249 Ga. 289, 291 (290 SE2d 439) (1982); see also *Parke v. Raley,* 506 U. S. 20, 30 (113 SC 517, 121 LE2d 391) (1992) (presumption in *Boykin* that defendant was not advised of constitutional rights based on lack of a transcript did not apply in recidivist proceeding where defendant challenged previous guilty pleas).

[6] *Roberts v. Greenway,* 233 Ga. 473, 475 (211 SE2d 764) (1975).

[7] *State v. Germany,* 245 Ga. 326, 328 (265 SE2d 13) (1980).

[8] *Goodman,* 249 Ga. at 15.

[9] See Standards Relating to Pleas of Guilty § 1.7 (Approved Draft 1968).

[10] Rule 33.7 states:

The judge shall not accept a plea of guilty or nolo contendere without first determining, on the record, that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the judge should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence leniency which must be approved by the judge, the judge must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on him. The judge should then address the defendant personally and

as required under Rule 33.8, and determined the accuracy of the plea as required under Rule 33.9. Uniform State Court Rule 33.11 is identical to the superior court rule, except that it does not require a "verbatim" record. However, the on-the-record requirement of Rules 33.7 through 33.10 is the same in both superior and state courts.

The primary rationale for Rule 33.11 and the on-the-record requirement of Rule 33.7 is to provide reviewing courts with a record of the plea proceedings to determine if challenged pleas have been entered voluntarily and with proper understanding.[11] In recommending a verbatim record, the ABA committee that drafted the standards acknowledged that recording facilities were then unavailable in many courts. Therefore, the committee proposed other means to preserve an accurate record of the proceedings, such as requiring a defendant to sign a form setting out the rights waived or permitting the trial judge to sign a checklist indicating that the necessary procedures were followed. The committee cautioned, however, that these alternative methods were "only temporary substitutes" for a verbatim record.[12]

Although we have not addressed the type of record specifically required by Rule 33.7, we have addressed the related issue of the record required under Rule 33.9. In *State v. Evans*,[13] we interpreted "on the record" to mean that the inquiry into the factual basis for the plea occur on the record of the plea hearing. "As USCR 33.9 requires the trial court to exercise its discretion to subjectively satisfy itself that there is a factual basis for the plea, it is incumbent upon the trial court to produce a record on the basis of which a reviewing court can determine whether an abuse of discretion occurred."[14] In that case, we concluded that there was not an adequate record when the state's opening statement was not transcribed, the transcript of the plea hearing did not show a factual basis for the plea, and an investigator's affidavit was not introduced at the plea hearing. Similarly, we rejected a pre-printed plea petition with a checklist of standard questions as insufficient to supply the factual basis for a guilty plea.[15] Subsequently, we determined that a trial court's summary statement that there was a factual basis for the plea was deficient when the record of the guilty plea hearing provided none of the facts underly-

---

determine whether any other promises or any force or threats were used to obtain the plea.

[11] See Standards Relating to Pleas of Guilty § 1.7 commentary.

[12] Id.

[13] 265 Ga. 332 (454 SE2d 468) (1995).

[14] Id. at 334.

[15] *Green v. State*, 265 Ga. 263, 264 (454 SE2d 466) (1995); see also *King*, 226 Ga. App. at 582 ("standing alone, the valid and probing pre-printed plea petition is not sufficient to elicit a sufficient factual basis for a guilty plea to any particular charge").

ing the charge.[16]

While those cases dealt with the record on the accuracy of the pleas, we find the same analysis applies to the record on the voluntariness of pleas. In both instances, the trial court must "exercise its discretion to subjectively satisfy itself" that the requirements of the rule have been met and produce a record sufficient for a reviewing court to evaluate the exercise of that discretion. In this case, there is no transcript of the guilty plea hearing because neither a court reporter nor a tape recorder was used at the hearing. Without a verbatim record, the state relies solely on documentary evidence. The only form dealing with the voluntariness of the guilty plea is the plea statement that was completed by the prosecutor. Its only reference to the issue is a single printed statement that the defendant entered the plea freely and voluntarily. We hold that this summary statement on a guilty plea form, without more, constitutes an inadequate record of the proceedings and prevents this court from determining whether the trial court abused its discretion in ruling that King voluntarily entered her plea knowing the nature of the charges and the consequences of her plea.

## MANIFEST INJUSTICE INQUIRY

2. Even when a defendant proves the record is inadequate, she may withdraw a guilty plea after sentence is imposed only if she proves withdrawal is necessary to correct a manifest injustice.[17] In conducting the manifest injustice analysis, the reviewing court is not limited to the record of the guilty plea hearing but may also consider subsequent evidence presented to it.[18]

In this case, the trial court held a hearing on the motion to withdraw the guilty plea three days after the plea was entered. The transcript of the withdrawal hearing shows that the assistant solicitor checked the boxes on the plea statement for the defendant without explaining the document to her. The defendant testified that she heard the judge speak, but did not understand what the judge said. The state presented no witness who contradicted this testimony. Instead, the trial judge took judicial notice of the standard procedure used in her court and described her view of the guilty plea hearing before concluding that King understood her rights and voluntarily entered the plea. In effect, the trial court served a dual role as both fact witness for the state and judge of the facts. Because there is no evidence other than the plea form to support the trial court's conclu-

---

[16] *Wharton v. Henry,* 266 Ga. 557, 558 (469 SE2d 27) (1996).

[17] *Evans,* 265 Ga. at 336; see Unif. Sup. Ct. R. 33.12.

[18] *Wharton,* 266 Ga. at 558.

sion that King understood her rights and the consequences of her plea, we conclude that withdrawal of her guilty plea is necessary to correct a manifest injustice.

## INTERPRETING THE "RECORD" REQUIRED IN STATE COURTS

3. Because of the problems caused by inadequate records in guilty plea hearings, we invoke our inherent power to regulate the judiciary to announce a new rule concerning the record required in state court proceedings. Just as the uniform rules require a verbatim record in superior court, we interpret the requirement of a "record of the proceedings" in Uniform State Court Rule 33.11 to mean that a verbatim record of the guilty plea hearing is required in state court when a defendant is to be sentenced to a term of imprisonment. This rule shall become effective on the date that this opinion is published in the advance sheets.

We establish this new rule for three reasons. First, the ABA recommended that any alternative method used to create a record, such as forms and checklists, should be a temporary measure until reporting facilities became readily available. Given the changes in technology, the requirement that a verbatim record be made of the guilty plea hearing is no longer unfeasible or unreasonable, even on misdemeanor charges. Second, requiring a verbatim record is the best method for ensuring that the state can meet its burden of proving the voluntariness of the plea. "In most cases, a transcript of the plea colloquy will be sufficient to resolve the issue of voluntariness"[19] because a verbatim record is not readily impeached and constitutes firm evidence after the parties' recollections have faded.[20] Third, verbatim records promote judicial economy by facilitating appellate review and possibly forestalling collateral proceedings.[21] Whether a plea is voluntary often depends on the credibility of witnesses. This subjective inquiry is difficult to evaluate without a transcript providing the dialogue between the trial judge and the accused.[22] By this opinion, we do not intend to restrict trial courts to any particular

---

[19] *Pope v. State*, 256 Ga. 195, 210 (345 SE2d 831) (1986).

[20] Standards Relating to Pleas of Guilty § 1.7 commentary.

[21] See *Germany*, 245 Ga. at 328.

[22] See, e.g., *Woody v. State*, 229 Ga. App. 823 (494 SE2d 685) (1997) (stamped words above judge's signature provide no basis for an appellate court to ascertain whether the trial court abused its discretion in refusing to allow the withdrawal of guilty plea where there is no transcript of hearings); *Payne v. State*, 217 Ga. App. 386 (460 SE2d 297) (1995) (form that accused signed at arraignment fails to establish that he knowingly or intelligently waived constitutional right to a trial by jury); *Smith v. State*, 213 Ga. App. 536 (445 SE2d 341) (1994) (judgment reversed when no transcript or inquiry appears on the record to show that factual basis existed for the guilty plea).

method for producing a record, so long as it is verbatim.

*Judgment reversed. All the Justices concur, except Hunstein, Carley and Hines, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I respectfully dissent to the majority's opinion. The state court acted in uncontroverted compliance with Uniform State Court Rule 33.11 in the proceedings surrounding the entry of King's guilty plea. Thus, this is not an instance where there is only a "silent record" from which waiver is being presumed so as to render it constitutionally infirm under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). Rather, the record of King's guilty plea followed the procedure which was promulgated by the Council of State Court Judges and approved by this Court in 1985. The majority, relying solely on comments made during ABA proceedings in 1968, asserts that the procedure we approved in Rule 33.11 was actually only a temporary measure and that the Rule must be corrected instanter by an exercise of our inherent power. I disagree with the majority that the history of Rule 33.11 in Georgia reflects that its implementation was solely for temporary purposes: there is no indication that the ABA's concerns about the standard of recording facilities available in 1968 played any role in our approval in 1985 of different recording requirements between the superior and state courts regarding guilty plea proceedings. Indeed, the "temporary" nature of the rule is irrelevant since there is no question that the state court recording requirement in Rule 33.11 complies as completely with the constitutional standards for the entry of guilty pleas now as it did in 1985 when this Court approved it.

Furthermore, I disagree with the majority that this Court should exercise its inherent power to establish a new rule imposing unanticipated recording requirements on our state courts. The majority has failed to demonstrate any urgency behind changing a rule which has operated within constitutional parameters for over a decade and continues to so operate now. The majority has likewise failed to justify abrogating the established procedure for review and amendment of state court rules. Uniform Superior Court Rule 1.6, which is applicable to state courts, provides that the Council of State Court Judges shall have a permanent committee to recommend to this Court "such changes and additions to [the uniform state court] rules as may from time to time appear necessary or desirable." This rule also provides for notice to the State Bar of Georgia and the Uniform Rules committee chairpersons of the other classes of courts to receive notice of the proposed changes and be given the opportunity to comment. Rule 1.6 clearly represents the appropriate procedure to be followed in this case and adherence to this rule can only benefit this Court in its con-

sideration of the recording requirements which should be utilized in state court guilty plea proceedings. In light of the magnitude of the change necessitated by the rule the majority would institute, there is every reason for this Court to avoid intemperate haste and instead to utilize established procedure which will allow a deliberate and considered review of the issue and informative comment by the parties most closely associated with the matter.

I am authorized to state that Justice Hines joins in this dissent.

CARLEY, Justice, dissenting.

Today, the Court has elevated the concept of "form over substance" to a new level of absurdity. Thelma King entered a guilty plea to two misdemeanor offenses, and the question presented for resolution is whether a sufficiently comprehensive "record" of that proceeding was "made and preserved" in accordance with the mandate of Uniform State Court Rule 33.11. The record of Ms. King's guilty plea proceeding contains detailed forms, bearing her signatures and the trial court's annotations, which the Court of Appeals found sufficient in a well-reasoned opinion. *King v. State*, 226 Ga. App. 576 (486 SE2d 904) (1997). However, the majority now reverses that decision, applying in Division 1 the "new rule" which it creates and purports to make prospective only in Division 3. The issue here is not whether this Court should adopt a new rule. The Uniform State Court Rules provide a procedure for amending their provisions. The only question before us is whether the Court of Appeals erred in finding that there was compliance with the requirements of Uniform State Court Rule 33.11 which presently is in effect. Because the Court of Appeals, relying upon applicable and relevant authority, correctly held that the record was sufficient to meet the requirements of Uniform State Court Rule 33.11, I dissent to this Court's reversal of the judgment in *King v. State*, supra.

The majority correctly notes that Uniform Superior Court Rule 33.11 requires a "verbatim record" of a guilty plea proceeding in the superior court. However, even assuming that a verbatim record is synonymous with a "transcript," its absence in this case is immaterial. The applicable authority is Uniform State Court Rule 33.11, not Uniform Superior Court Rule 33.11. Uniform State Court Rule 33.11 does not require a verbatim record of a guilty plea proceeding in the state court, but provides only for a "record" which evidences that the specified inquiries were made and the requisite information was imparted. The absence in Uniform State Court Rule 33.11 of the additional requirement that the "record" be "verbatim" clearly indicates that a guilty plea proceeding in state court need not be reported or transcribed. See *Coastal Ga. Regional Dev. Center v. Higdon*, 263 Ga. 827, 829 (1) (439 SE2d 902) (1994).

Notwithstanding the express difference in the requirement imposed by Uniform Superior Court Rule 33.11, the majority nevertheless opines in Division 3 that the same requirement should apply in state court when a guilty plea results in incarceration. If this subjective policy determination is to be made, then Uniform State Court Rule 33.11 should be amended in accordance with the applicable procedures, so as to impose in state courts the same "verbatim record" requirement that applies in superior courts. However, the majority's imposition of that requirement in state courts through judicial fiat violates the provisions of Uniform State Court Rules 1.6 and 1.7. The proper way to amend Uniform State Court Rule 33.11 is through compliance with those applicable procedures and not by this Court's judicial pronouncement that the Rule should be rewritten.

Although the majority uses only the term "record" when discussing Ms. King's guilty plea hearing in Division 1, it is clear that the majority does impose on that existing record the "verbatim" requirement which it purports to adopt prospectively in Division 3. Nothing in the majority opinion supports a holding that the record of Ms. King's guilty plea hearing is insufficient to meet the requirements of Uniform State Court Rule 33.11 as it now exists. At most, the majority opinion rests upon its conclusion that the State can more easily meet its burden of proving that a defendant entered an intelligent and voluntary guilty plea if the proceeding was transcribed. However, courts decide what is required and should not opine as to what is easier. Here, the State sought to meet its burden with a sufficient record. As the Court of Appeals noted, the record consists of detailed forms signed by Ms. King and, as the majority itself recognizes, such signed forms can satisfy even the requirement for a "verbatim record" of certain of the inquiries and notices specified in Uniform Superior Court Rule 33.11. Thus, it is clear that the signed forms in this case are sufficient to satisfy the requirement for a "record" of those similar elements specified in Uniform State Court Rule 33.11. Moreover, the forms also include annotations by the trial court which set forth the factual bases for Ms. King's pleas. See *Green v. State*, 265 Ga. 263, 264 (454 SE2d 466) (1995). Therefore, the requirement of Uniform State Court Rule 33.11 (C) for a "record" of the state court's inquiry into the accuracy of the pleas has been satisfied. The majority's conclusion that the signed forms do not constitute a sufficient record is based entirely upon the fact that they do not meet the requirements of a "verbatim" record as defined and ostensibly imposed prospectively in Division 3. Under these circumstances, I believe that the only "manifest injustice" is this Court's reversal of the judgment of the Court of Appeals affirming the denial of Ms. King's motion to withdraw her voluntary, valid and binding guilty pleas.

DECIDED DECEMBER 4, 1998 —
RECONSIDERATION DENIED DECEMBER 18, 1998.

*Caprice J. Small, Dwight L. Thomas,* for appellant.
*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor,* for appellee.