## A04A1453. BRUNTON v. THE STATE.
(605 SE2d 94)

MILLER, Judge.

Roderick Antonio Brunton was sentenced to fifteen years (with five to serve) after pleading guilty to possession of cocaine with intent to distribute. On appeal Brunton contends that the trial court erred in denying his motion to withdraw his guilty plea because the plea was not made voluntarily. Since ample evidence supported the trial court's conclusion that Brunton's plea was voluntary, we affirm.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the defendant intelligently and voluntarily entered the plea. *King v. State*, 270 Ga. 367, 369 (1) (509 SE2d 32) (1998); *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996). The relevant inquiry is whether the defendant freely and voluntarily entered the plea with an understanding of (1) the charges against him and (2) the consequences of his plea. *King*, supra, 270 Ga. at 369 (1). The State may meet its burden through the use of the transcript of the guilty plea hearing or through the use of extrinsic evidence to fill a silent record. Id. We will not disturb the trial court's ruling on the question of voluntariness absent a manifest abuse of discretion. *Craft v. State*, 234 Ga. App. 305, 307 (1) (506 SE2d 663) (1998).

The record here reveals that Brunton pled guilty to possession of cocaine with intent to distribute on August 26, 2003, and moved to withdraw the plea on October 29, 2003. At the hearing on Brunton's motion to withdraw his guilty plea, the State offered the transcript of the guilty plea hearing as evidence that Brunton's plea was voluntary. The transcript revealed that the trial court carefully inquired into the circumstances surrounding the plea, and further revealed that Brunton (i) fully understood the nature of the charge against him; (ii) was informed of all of the possible defenses that he might have to the charge; (iii) understood that by pleading guilty he was waiving his right to a jury trial and to cross-examine witnesses; (iv) knew the possible sentence that he could receive by pleading guilty; (v) was not under the influence of any intoxicants at the time his plea was taken; (vi) was not promised any sort of lesser sentence in exchange for his agreement to plead guilty; (vii) was not coerced in any way to accept the plea; (viii) understood all of his statutory and constitutional rights at the time that his plea was taken; and (ix) admitted that he was offering his plea freely and voluntarily with a full understanding of all of the facts of the case. Since ample evidence supported the trial court's conclusion that Brunton's plea was made voluntarily and intelligently, the trial court did not abuse its discretion in denying his motion to withdraw the plea. See generally *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 22, 2004.

*Andrews R. Williams*, for appellant.

*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.