A06A1550. PRICE v. THE STATE.
(635 SE2d 236)

MILLER, Judge.

Anthony Wayne Price was sentenced to twenty years (with ten to serve) after pleading guilty to three counts of child molestation, one count of sexual battery, and two counts of invasion of privacy. On appeal, Price contends that the trial court erred in denying his motion to withdraw his guilty plea, because the plea was rendered involuntary in light of his belief that he was going to receive a lighter sentence. Since ample evidence supported the trial court's conclusion that Price's plea was voluntary, we affirm.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the defendant intelligently and voluntarily entered the plea. *King v. State*, 270 Ga. 367, 369 (1) (509 SE2d 32) (1998); *Beck v. State*, 222 Ga. App. 168 (473 SE2d 263) (1996). The relevant inquiry is whether the defendant freely and voluntarily entered the plea with an understanding of (1) the charges against him and (2) the consequences of his plea. *King*, supra, 270 Ga. at 369 (1). The State may meet its burden through the use of the transcript of the guilty plea hearing or through the use of extrinsic evidence to fill a silent record. Id. We will not disturb the trial court's ruling on the question of voluntariness absent a manifest abuse of discretion. *Craft v. State*, 234 Ga. App. 305, 307 (1) (506 SE2d 663) (1998).

The record reveals that Price pled guilty to the charged offenses on August 5, 2004, and moved to withdraw the plea on September 3,

2004. At the hearing on Price's motion to withdraw his guilty plea, the State offered testimony from Price's attorney and the transcript of the guilty plea hearing as evidence that Price's plea was voluntary. Price's attorney testified that he fully informed Price of the potential consequences of entering a nonnegotiated plea and told him that the trial court could sentence him to more time than the State had recommended in a negotiated plea. Further, the transcript of the guilty plea hearing revealed that Price (i) understood the nature of the charges against him; (ii) understood that by pleading guilty he was waiving his rights to a jury trial, to cross-examine witnesses, to testify or present other evidence at trial, and not to incriminate himself; (iii) knew the possible sentence that he could receive by pleading guilty; (iv) was not promised any sort of special treatment in exchange for his agreement to plead guilty; (v) was not coerced in any way to enter the plea; and (vi) admitted that he was offering his plea freely and voluntarily with a full understanding of all of the facts of the case.

Since ample evidence supported the trial court's conclusion that Price's plea was made voluntarily and intelligently, the trial court did not abuse its discretion in denying his motion to withdraw the plea. See generally *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 1, 2006.

*Lloyd J. Matthews*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Assistant District Attorney*, for appellee.