A93A1756. GREEN v. THE STATE.
(444 SE2d 573)

SMITH, Judge.

Green entered negotiated pleas of guilty to the offenses of arson in the first degree, OCGA § 16-7-60 (a) (1), and secreting property to defraud another, OCGA § 16-9-53 (a). A third count charging possession of a firearm by a convicted felon, OCGA § 16-11-131 (b), was dismissed. He filed an amended motion for new trial in which he sought to withdraw his pleas on the basis that they were involuntary. That motion was properly treated as a motion to withdraw, *Lawson v. State*, 204 Ga. App. 796 (1) (420 SE2d 600) (1992), and was denied. Pursuant to permission granted by the trial court, Green brings this out-of-time appeal.

Error is enumerated in the denial of the motion to withdraw the pleas on the grounds that they were involuntary and were accepted without establishing on the record that the court was aware of the factual basis for them. On April 6, 1992, Green and his counsel appeared before the court to enter the pleas. A "petition to enter plea of guilty," signed and subscribed to by defendant and certified by his counsel is contained in the record. The petition poses the question:

"Did you commit the unlawful acts set forth in the charge or charges to which you want to plead guilty?" Green checked "yes" to this question. The petition questionnaire then asks: "Specifically what unlawful acts did you commit?" The reply: "Arson in 1st degree & secreting property to defraud another." At the plea hearing, Green's attorney stated: "Your Honor, Mr. Green and I have gone over the plea petition and he's read it and he understands it and he's already entered his plea of guilty."

The court read the indictment aloud and inquired of Green if he understood the charges and allowable punishments and if he wished to enter guilty pleas to those charges. Green responded that he did. The court explained the rights to trial Green would relinquish by pleading guilty. He expressed his understanding and indicated his intention to waive those rights. He denied having been threatened, pressured or promised anything in exchange for his plea.

When asked on the record whether he wished to waive his rights to trial by pleading guilty, Green replied, "I would like to enter a plea of guilty, but I would like a correction in it." His counsel explained that he "is asking for an *Alford* plea."[1] The court was advised of the State's recommendation that Green serve five years plus ten years on probation. Green again acknowledged his understanding of the sentence. The State's attorney explained that Green would be asked to testify against a co-defendant who was scheduled to be tried on the following day and requested that the court withhold sentencing until after he testified in that case. The court then asked Green what his plea was to the arson charge. He replied, "I guess I have to plead guilty, sir." The court responded, "No sir, you don't have to do anything. I'm asking whether you voluntarily of your own free will and accord are entering a plea of guilty to the charge of arson?" Green replied, "Yes," and then entered a guilty plea to the charge of secreting property to defraud another. When again asked if the pleas were given "voluntarily and of [his] own free will," Green replied, "Yes." The following colloquy then occurred:

"THE COURT: Did you in fact commit these unlawful acts which you now wish to plead guilty?

"MR. GREEN: No.

"THE COURT: You did not?

"MR. GREEN: No sir.

"[GREEN'S COUNSEL]: Your honor, I believe under *Alford* . . . Mr. Green can plead guilty to these offenses and still maintain that

---

[1] In *North Carolina v. Alford*, 400 U. S. 25, 37 (91 SC 160, 27 LE2d 162) (1970), the Court acknowledged that "[a]n individual accused of crime may voluntarily, knowingly, and understandably consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

he did not do it.

"THE COURT: Has your attorney explained that case to you which in essence says that even though you feel like you're not guilty, there may be sufficient evidence for a jury to determine that you are guilty?

"MR. GREEN: Yes sir.

"THE COURT: Is that the provision you're pleading guilty under?

"MR. GREEN: Yes sir.

"THE COURT: Let him enter his plea."

The court accepted a plea of guilty to the two counts under the provisions of *Alford*, but withheld sentencing until later in the week.

Four days later, Green appeared before the court for sentencing. Green's counsel acknowledged that the sentencing judge was "well aware of what's occurred and Mr. Green is just truly sorry for what he's gotten into and we just ask that you take that into consideration." The State's recommended sentence was imposed on the arson charge. The court also pronounced sentence of five years on the charge of secreting property to defraud another,[2] and was ordered to pay restitution of $39,000 maximum, plus a surcharge and court costs.[3]

Thereafter, the State's attorney related: "Your honor, the only other remaining thing that needs to be done as far as Mr. Green's part of this is, earlier in the week when the plea was initially, voluntariness of the plea was perfected, the plea was under . . . *Alford*. . . . This is a straight-up plea. *Alford* does not apply in this case and that's been discussed between the Court and [defense counsel] and with Mr. Green." Green's counsel acknowledged, "That's correct, Your Honor." No response was elicited or received from defendant and no further discussion took place on the record.

Notwithstanding that nothing was shown on the record in the present case to establish how the elements of the crimes would be proved or that defendant was a knowing participant in either the arson or the offense of secreting property to defraud the Farmers Furniture Store, it is clear that a factual basis for the plea was already established without need for further inquiry by the trial court at sentencing. A valid and probing plea petition was filed by Green prior to the plea hearing, and the hearing itself confirmed that Green was well

---

[2] The final disposition reflecting the sentence of the court shows disposition only as to the arson count. No disposition is shown with respect to the second count.

[3] There is no indication in the record that the court conducted a restitution hearing or made specific written findings before conditioning probation upon restitution as required by OCGA §§ 17-14-8 through 17-14-10. See also *Cannon v. State*, 246 Ga. 754 (3) (272 SE2d 709) (1980); *Murphy v. State*, 182 Ga. App. 791 (5) (357 SE2d 147) (1987). The failure to so comply has not been enumerated as error.

aware of the evidence against him when he entered the plea. Indeed, the court confirmed that Green understood that an *Alford* plea was only appropriate when the evidence indicates guilt, and the court initially accepted his plea on that basis. Subsequently a trial was held at which Green apparently was called as a State's witness against a co-defendant. Only then was Green sentenced.

Green suggests no manifest injustice resulting from the denial of his motion to withdraw his guilty plea, and we find none. See USCR 33.12. We therefore find no error.

*Judgments affirmed. Pope, C. J., Birdsong, P. J., Andrews, Johnson, and Blackburn, JJ., concur. McMurray, P. J., Beasley, P. J., and Cooper, J., dissent.*

BEASLEY, Presiding Judge, dissenting.

The pleas were accepted without establishing on the record that the court was aware of a factual basis for them, so that it was error to deny defendant's motion.

The court may not enter a judgment on a guilty plea " 'unless it is satisfied that there is a factual basis for the plea.' " *Purvis v. Connell*, 227 Ga. 764, 767 (182 SE2d 892) (1971). This has been mandated since *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). It is mirrored in USCR 33.9 which provides: "[n]otwithstanding the acceptance of a plea of guilty, the judge should not enter a judgment upon such plea without making such inquiry *on the record* as may satisfy him that there is a factual basis for the plea," that is, that the evidence that would be presented at trial would show the elements of the crime to which defendant was entering a plea of guilty. (Emphasis supplied.) *Goodman v. Davis*, 249 Ga. 11, 16 (2) (287 SE2d 26) (1982). The factual basis is crucial to the assurance of a valid plea. *Golden v. State*, 190 Ga. App. 477, 478 (379 SE2d 230) (1989). It is not necessary that a trial court affirmatively state on the record its satisfaction that there exists a factual basis for the guilty plea *if* the transcript presents evidence that the trial court was aware of the factual basis. Id. See also USCR 33.9. Accord *Scurry v. State*, 194 Ga. App. 165 (390 SE2d 255) (1990); *Clark v. State*, 186 Ga. App. 106, 107 (2) (366 SE2d 361) (1988); *Brannon v. State*, 176 Ga. App. 49 (2) (335 SE2d 163) (1985).

Nothing was shown in the present case to establish how the elements of the crimes would be proved or that defendant was a knowing participant in either the arson or the offense of secreting property to defraud the Farmers Furniture Store. The only reference on the record of the April 6 hearing with respect to the nature of the charges was the court's recitation of the averments in the indictment, and its inquiry of defendant as to whether those are the charges to which he wishes to plead. All that appears at the April 10 sentencing, is the

court's inquiry concerning the balance of the mortgage owed on the property, to which defendant explained that his insurer paid the mortgage company $38,000 for the loss. The State provided no summarization of the operative facts to assure the court that there was indeed a factual basis for the plea. Compare *Scurry*, supra at 165; *Clark*, supra.[4]

Defendant equivocated about guilt, and when asked by the court before the imposition of punishment whether he had anything to say, he replied: "Sir, I never would ever want it to happen. It just happened and I would, you know — could not, if I could have controlled it, I would have. I never believed it would happen." Defendant's remarks undermine the assurance of a factual basis for the plea. It was error to reject defendant's motion to withdraw his plea of guilty to the indictment.

I am authorized to state that Presiding Judge McMurray and Judge Cooper join in this dissent.

DECIDED APRIL 1, 1994 —
RECONSIDERATION DENIED MAY 4, 1994 — 

*Michael M. White*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.

---

[4] The majority refers to an interim trial of a co-defendant, but he apparently was acquitted. None of this appears in the record.