S94G1295. GREEN v. THE STATE.
(454 SE2d 466)

SEARS, Justice.

Ray Green pled guilty to charges of arson and secreting property to defraud another. The trial court denied Green's motion, filed after sentencing, to withdraw his plea. Green appealed, contending that it was error for the trial court to refuse to set aside his guilty plea because it was not entered voluntarily and because no factual basis for the plea was established on the record. The Court of Appeals affirmed, *Green v. State,* 213 Ga. App. 134 (444 SE2d 573) (1994), and we granted Green's petition for certiorari.

1. Where voluntariness of a guilty plea is challenged, there must be

a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

*Goodman v. Davis,* 249 Ga. 11, 13 (287 SE2d 26) (1982) (interpreting *Boykin v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)). In this case, the transcript of the plea hearing reveals that the trial court read aloud the indictment which described the offenses with which Green was charged, enumerated and explained in detail the rights which Green would be giving up if he pled guilty and the other consequences of such a plea, and carefully inquired into whether Green understood the consequences set forth. Green consistently declared that he wished to plead guilty to the charges, although he did not in fact commit the unlawful acts. The trial court accepted the plea under the provisions of *North Carolina v. Alford,* 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Id. at 37.)[1]

---

[1] At the sentencing hearing, held four days after the plea hearing, the prosecutor stated to the trial court that while the plea was initially accepted as an *Alford* plea, " '[t]his is a straight-up plea. *Alford* does not apply in this case and that's been discussed between the Court and defense counsel and Mr. Green.' " *Green,* 213 Ga. App. at 136. However, "[n]o response was elicited or received from [Green] and no further discussion took place on the

We hold that the trial court adequately resolved on the record that Green entered his pleas voluntarily and with an understanding of the nature of the charges and the consequences of the pleas.

2. Green also contends that his plea should have been set aside because no factual basis for the plea was established on the record, as required by Uniform Superior Court Rule (USCR) 33.9. We recently considered USCR 33.9 and held (1) that the rule is mandatory as opposed to permissive, (2) that the purpose of the rule is to insure that the conduct to which an individual admits actually constitutes the crime to which the individual pleads guilty, and (3) that this purpose may be achieved through a determination by the trial court that a factual basis exists, but that the record of the plea hearing must reveal the factual basis relied on so that a reviewing court may determine whether an abuse of discretion occurred. *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995).

In this case, the Court of Appeals found that a sufficient factual basis for the plea was established because

[a] valid and probing plea petition was filed by Green prior to the plea hearing, and the hearing itself confirmed that Green was well aware of the evidence against him when he entered the plea. Indeed, the court confirmed that Green understood that an *Alford* plea was only appropriate when the evidence indicates guilt, and the court initially accepted his plea on that basis. Subsequently a trial was held at which Green apparently was called as a State's witness against a co-defendant. Only then was Green sentenced.

*Green*, 213 Ga. App. at 136-137. We find that neither the "valid and probing plea petition" nor Green's testimony against his co-defendant provided a sufficient factual basis for the plea. Not only did the trial court not state at the plea hearing that it was relying for a factual basis on the plea petition, see *Evans*, 265 Ga. at 334, but the plea petition in this case is merely a preprinted form with a list of standard questions in answer to which Green checked "yes" or "no," and contains no facts whatsoever relative to the charges. Furthermore, the trial court could not have relied on Green's testimony at his co-defendant's trial, as that took place after the trial court had accepted Green's plea.

However, we affirm the Court of Appeals' decision based on the transcript of the plea hearing itself. Green was charged with arson in the first degree (OCGA § 16-7-60) and secreting property to defraud

---

record." Id. This unilateral statement by the prosecutor was insufficient to alter the nature of the plea as it was accepted by the trial court at the plea hearing.

another (OCGA § 16-9-53). At the plea hearing, the trial court read from the indictment as follows:

> Mr. Green, in Count I you're charged that on the 22nd day of December, 1991, you did unlawfully and knowingly damage by means of fire or explosives the dwelling house of Ray F. Green located at 1077 Allen Farm Road, Lavonia, Georgia, in which Chrysler First Financial Services Corporation, Atlanta, Georgia, had a mortgage without consent of said mortgageholder and said dwelling was occupied contrary to the laws of said State, the good order, peace and dignity thereof. In Count II, you're charged on the same day in Franklin County, you did then and there unlawfully, knowingly and with intent to defraud Farmers Furniture Store, Lavonia, secrete (sic) property, to wit: household furniture and furnishings by concealing said property and stating same was destroyed by fire, contrary to the laws of said State, the good order, peace and dignity thereof. Is that what you wish to enter a plea of guilty to?

Green responded "Yes, it is." After considering the relevant statutes, see §§ 16-7-60 and 16-9-53, we find that the indictment provided ample information from which the trial court could discern that the facts alleged by the state actually satisfied the elements of the charges to which Green was pleading guilty.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 6, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Michael M. White*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Kathleen R. Johnson, Assistant District Attorneys,* for appellee.