## A03A0006. SHABAZZ v. THE STATE.

### (577 SE2d 45)

ELDRIDGE, Judge.

During a mass plea hearing in the Superior Court of Thomas County wherein nine defendants pled guilty to felony offenses of varying severity, sixteen-year-old Yusuf Shabazz pled guilty to the offenses of incest and statutory rape. Shabazz was given 20-year concurrent sentences on each count. He appeals, claiming that the record does not establish a factual basis for his plea to the crime of incest and that he received ineffective assistance of counsel during the entry of his plea. As the record, on its face, supports both contentions, we reverse.

1. A criminal defendant may pursue a direct appeal from a judgment of conviction and sentence entered on a guilty plea if the issue on appeal can be resolved by facts appearing in the record, including the transcript of his guilty plea hearing.[1] In that regard, the prosecutor stated the following as the sole factual basis for Shabazz's plea to the charges against him: "Mr. Shabbaz [sic], Your Honor, he had sexual intercourse with his step daughter — step sister, excuse me, eleven years of age. He had sexual intercourse with her, it — this is his step sister, he is related and in the confines of incest, Your Honor. He had no authority to do that." However, a person commits the offense of incest when, in pertinent part, he engages in sexual intercourse "with a person to whom he knows he is related either by blood or by marriage as follows: Brother and sister of the whole blood or of the half blood."[2] Sexual intercourse between a male and his stepsister is not included in the statutory crime of incest. The facts outlined by the prosecutor clearly fail as a matter of law to establish that Shabazz committed incest so as to provide an evidentiary basis for accepting a plea thereto.[3] "Should a reviewing court ascertain that the record does not demonstrate a factual basis for the plea, the reviewing court is then required to determine whether withdrawal of the defendant's guilty plea is necessary to correct a manifest injustice."[4]

In this case, Count 2 of the indictment alleges that Shabazz had sexual intercourse with his "half sister," which allegation sets forth the crime of incest. During the plea hearing, however, the allegations of the indictment were not read, and the prosecutor claimed the evidence would show that Shabazz had sexual intercourse with his "step

[1] *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002).

[2] OCGA § 16-6-22 (a) (3).

[3] *Wharton v. Henry*, 266 Ga. 557, 558 (1) (469 SE2d 27) (1996). See Uniform Superior Court Rules 33.9 and 33.11 (C).

[4] *Wharton v. Henry*, supra at 558 (2).

sister," which fact the prosecutor repeated twice. The prosecutor's statement is the *only* factual basis in the record in support of Shabazz's plea.[5] Because the evidentiary facts of record do not show that incest was committed by Shabazz, we conclude that withdrawal of Shabazz's guilty plea to incest under Count 2 of the indictment is necessary in order to prevent a manifest injustice. To find otherwise would be to permit the State to establish a "factual basis" for a guilty plea merely through indictment. It is well settled that an indictment is not evidence.[6]

Further, we reject the State's contention that a sufficient factual basis exists for the plea simply because Shabazz, "above all, knows the victim was his half-sister." Such argument ignores the purpose for establishing a factual basis for a guilty plea on the record, i.e., "to insure that the conduct to which an individual admits actually constitutes the crime to which the individual pleads guilty."[7] Here, no facts were presented other than the prosecutor's statement that Shabazz had sexual intercourse with his "step sister." Accordingly, there was no basis from which the trial court could discern that "the facts alleged by the state actually satisfied the elements of the charges to which [Shabazz] was pleading guilty."[8] Reversal is required on Shabazz's conviction for the offense of incest.

2. Shabazz also claims he received ineffective assistance of counsel during his plea hearing because "counsel failed to effectively assist him during the taking of his plea."

> [W]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. In challenging the competency of an attorney in a claim of ineffective assistance, a criminal defendant must show . . . that there is a reasonable probability that, but for counsel's errors, he

---

[5] Compare *Sample v. State*, 232 Ga. App. 690, 691-692 (1) (503 SE2d 576) (1998) (involving a *negotiated* plea in which Sample agreed to testify against two co-defendants and wherein Sample was personally questioned about the facts of the case by the trial court and provided testimony about such facts). Compare also *State v. Evans*, 265 Ga. 332 (454 SE2d 468) (1995) (USCR 33.9 permits a trial court to learn the factual basis from material contained in other parts of the record so long as the trial court makes clear on the plea hearing record that he is relying on those parts of the record; the record of the guilty plea hearing would thus show the trial court's awareness of the factual basis of the plea).

[6] See, e.g., *Gomillion v. State*, 236 Ga. App. 14, 18 (3) (d) (512 SE2d 640) (1999).

[7] *Green v. State*, 265 Ga. 263, 264 (2) (454 SE2d 466) (1995).

[8] Id. at 265.

would not have pleaded guilty and would have insisted on going to trial.[9]

With the advice and aid of trial counsel, Shabazz pled guilty to incest and received a 20-year sentence thereon. We have no difficulty in finding that, had counsel informed Shabazz that the State could not as a matter of law prove the offense of incest because — based on the prosecutor's statement of the evidence expected to be produced at trial — Shabazz's relationship to the victim was not included within the statutory scheme for such offense, he would not have pled guilty and would have insisted on going to trial. We find that advising and aiding Shabazz in the entry of a guilty plea to an offense for which *as a matter of law* there was no factual basis fall outside the range of competence demanded of attorneys in criminal cases. Accordingly, Shabazz did not enter his guilty plea with the aid of competent counsel.

In so finding, we are constrained to point out that the instant result could be seen as a reflection more upon the method in which the guilty plea hearing was conducted, than in the ultimate abilities of counsel. While a mass guilty plea hearing is not impermissible,[10] the procedure followed in this case would appear ripe for error, especially in those cases involving felony offenses where, as here, lengthy sentences can be imposed. In this case, general, plea-related questions were asked of the defendants as a group and answers were given as a group by each defendant in seriatim; the prosecutor related, one after another, the fact bases for all of the defendants' pleas; and none of the defendants were individually questioned about waiver-related issues.[11] Clearly, serial answers by multiple defendants to general court-imposed questions make it difficult to ascertain the veracity of the answers given by any individual defendant so as to fulfill the trial court's obligation to determine whether trial rights are knowingly and voluntarily waived.[12] Further, serial factual scenarios in support of numerous counts of numerous indictments involving numerous defendants leave, as in this case, little room for evidentiary development and exacerbate the difficulty in keeping track of which offenses belong to what defendant under which indictment. We recommend a close examination of such procedure in light of the requirements of USCR 33.7 through 33.9 and 33.11.

---

[9] (Citations and punctuation omitted.) *McCants v. State*, 222 Ga. App. 75, 77-78 (1) (473 SE2d 514) (1996).

[10] *Isaac v. State*, 237 Ga. App. 723, 726 (2) (516 SE2d 575) (1999).

[11] Compare id. at 726 (trial court personally advised the defendants of their constitutional rights and discussed with each defendant individually the charges against them and possible sentences).

[12] USCR 33.8.

3. Although the prosecutor's statement of facts could support Shabazz's plea to the offense of statutory rape under Count 1 of the indictment, our finding of ineffective assistance of counsel in Division 2, supra, undermines the voluntariness and the validity of the plea as to both counts of the indictment. "The defendant is entitled, under the Sixth Amendment, to competent counsel who performs to the standards expected in the legal profession when *deciding* whether or not to plead guilty. *Hill v. Lockhart*, 474 U. S. 52 (106 SC 366, 370, 88 LE2d 203) (1985)."[13] Accordingly, the instant case is remanded to permit Shabazz to file a motion to withdraw his guilty plea on both counts of the indictment, and for the trial court to enter a ruling thereon in conformity with this opinion.[14] Shabazz is entitled to a trial — or to enter a voluntary plea — on the charges against him with the assistance of counsel guaranteed by the Sixth Amendment.

*Judgment reversed and case remanded for further proceedings not inconsistent with this opinion. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 29, 2003.

*Oliver R. Register*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, James L. Prine II, Assistant District Attorneys*, for appellee.

---

[13] (Emphasis supplied.) *Lloyd v. State*, 258 Ga. 645, 646 (2) (373 SE2d 1) (1988).

[14] See *Shaheed v. State*, 274 Ga. 716, 718 (559 SE2d 466) (2002) (Carley, J., dissenting) (a valid attack on a guilty plea as involuntary merits withdrawal of such plea; unless the underlying plea is withdrawn, "[a]ppellant's guilty plea and, consequently, his conviction for that crime [remain] extant," and trial court can only resentence after reversal on appeal).