A06A0763. LAMB v. THE STATE.
(628 SE2d 165)

BLACKBURN, Presiding Judge.

After Willie Pearl Lamb entered a negotiated guilty plea to a violation of the Georgia Controlled Substances Act for possession of cocaine,[1] the trial court sentenced her to seven years on probation. As a consequence of her plea, her probation for a previous conviction was subsequently revoked. She now appeals her recent conviction, arguing that because her guilty plea hearing preceded her probation revocation hearing, her guilty plea was not knowingly, intelligently, and voluntarily entered. She further argues that the trial court had an insufficient factual basis for accepting her guilty plea. For the reasons set forth below, we affirm.

1. Lamb contends that her guilty plea was not knowingly and intelligently given because she was not made aware that a consequence of her plea was that the probation she was serving for a previous conviction would be revoked. We find this contention to be without merit.

A criminal defendant does not have an unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. *Smith v. State.*[2] A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. Id. Thus, the merits of Lamb's appeal can only be addressed if the issues she seeks

---

[1] OCGA § 16-13-30 (a) provides: "Except as authorized by this article, it is unlawful for any person to purchase, possess, or have under his control any controlled substance."

[2] *Smith v. State,* 266 Ga. 687 (470 SE2d 436) (1996).

to raise can be resolved by facts appearing in the record, including the transcript of the guilty plea hearing. See *Caine v. State*.[3]

> Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation and punctuation omitted.) *Johnson v. State*.[4] Furthermore, while criminal defendants are entitled to be informed of the direct consequences of their pleas, the trial court is not required to inform defendants of the possible collateral consequences of a guilty plea. See *Hermann v. State*;[5] *Bess v. State*.[6]

The transcript of the guilty plea hearing indicates that Lamb was one of sixteen defendants who pled guilty to various crimes at the hearing, and that Lamb was represented by counsel. The trial court first informed all defendants of their right to remain silent. The court also reminded all defendants of the presumption of innocence and asked Lamb individually if she understood that right. Lamb responded that she did. Lamb also individually confirmed to the court that she was not under the influence of drugs or alcohol. Next the trial court confirmed that Lamb could read and write, and explained to her that because she had previously been convicted for possession of cocaine, another conviction could result in her imprisonment from five to thirty years. The trial court then advised the defendants as a group of their constitutional rights, including the right to a jury trial, the right to subpoena and confront witnesses, and the right to testify on their own behalf. Lamb indicated that she understood these rights. The court then asked Lamb and the other defendants represented by counsel if they had conferred with counsel, if counsel had explained the charges against them and their rights, and if they were satisfied with counsel's representation. Again, Lamb responded affirmatively. At that point, the court asked Lamb how she wished to plead to possession of cocaine, and Lamb responded, "Guilty." Immediately afterward, the trial court confirmed that no threats or promises, other than sentence recommendations, had induced Lamb's guilty

---

[3] *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

[4] *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

[5] *Hermann v. State*, 249 Ga. App. 535, 537 (548 SE2d 666) (2001).

[6] *Bess v. State*, 235 Ga. App. 372, 373 (1) (508 SE2d 664) (1998).

plea. After the State outlined the charges against each defendant and each pled guilty, the court found that each defendant had entered her guilty plea "freely, voluntarily, knowingly and intelligently" after fully understanding her constitutional and statutory rights. The trial court then sentenced Lamb to seven years in the State Penal System to be served on probation and remanded her to a detention center for approximately one year as one of the terms of that probation.

Based on the above facts, it is clear that Lamb was fully informed as to all of her constitutional rights and that she understood those rights. The record also demonstrates that Lamb was aware of the charges against her and that her sentence could be impacted by her previous conviction. Contrary to Lamb's argument, her guilty plea was not rendered invalid by the fact that the plea hearing occurred before her probation revocation hearing, as the trial court was not required to inform her of possible collateral consequences of her plea. See *Hermann*, supra at 537. Moreover, given that Lamb was represented by counsel, who also was aware of her previous conviction, the trial court was entitled to presume that she had apprised herself of potential collateral consequences before agreeing to her guilty plea. See *Bess*, supra at 373 (1). Accordingly, the trial court did not err in finding that Lamb's guilty plea was voluntarily, knowingly, and intelligently made. See *Johnson*, supra at 899 (1).

2. Lamb also contends that the trial court did not have a sufficient factual basis for accepting her guilty plea, specifically arguing that her own admission to the charge was insufficient and that the trial court's mass plea hearing was improper. We disagree.

Uniform Superior Court Rule (USCR) 33.9 provides that "[n]otwithstanding the acceptance of a plea of guilty, the judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." Toward this end, "the record of the plea hearing must reveal the factual basis relied on so that a reviewing court may determine whether an abuse of discretion occurred." *Green v. State*.[7] "But there is no requirement that the elements of the crime be proven beyond a reasonable doubt. Rather, the court must satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged." (Citation and punctuation omitted.) *Swantner v. State*.[8]

Here, during the plea hearing, the prosecutor declared to the trial court that on March 6, 2004, Lamb was found to be in possession of a substance that later tested positive as cocaine and that, therefore,

---

[7] *Green v. State*, 265 Ga. 263, 264 (2) (454 SE2d 466) (1995).
[8] *Swantner v. State*, 244 Ga. App. 372, 373 (1) (535 SE2d 343) (2000).

she had violated the Georgia Controlled Substances Act. The trial court then asked Lamb whether she understood those allegations and whether she was guilty of the crime charged. Lamb responded that she understood and that she was guilty of possession of cocaine. From these facts, the trial court could properly determine that Lamb knew what she was accused of doing and that this act constituted the crime with which she was charged. Thus, the trial court had a sufficient factual basis for accepting her guilty plea. See *Green*, supra at 265 (2).

Lamb's contention that the guilty plea hearing was improper because it involved the trial court accepting guilty pleas from multiple defendants is without merit. Although in *Shabazz v. State*[9] we warned against mass plea hearings involving general plea-related questions asked of the defendants as a group, we did not find mass plea hearings impermissible per se. In fact, mass plea hearings are not improper so long as defendants are informed of their constitutional rights, and are individually advised regarding the charges against each as well as the possible sentences. See *Isaac v. State*.[10]

Here, as previously noted in Division 1, the trial court informed all defendants collectively of their constitutional rights but also questioned each defendant, including Lamb, individually as to whether she could read and write, whether she understood her constitutional rights, and whether she had conferred with counsel. In addition, the court discussed with Lamb individually the charges against her, possible sentences, and the fact that her previous conviction for possession could affect the sentence. Under these circumstances, the trial court was authorized to conclude that Lamb's guilty plea was voluntarily, knowingly, and intelligently made and was supported by a sufficient factual basis. See *Isaac*, supra. Consequently, the mass guilty plea hearing was not improper.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 7, 2006.

*John D. Tucker*, for appellant.
*J. David Miller, District Attorney, Cynthia D. Hendrix, Assistant District Attorney*, for appellee.

---

[9] *Shabazz v. State*, 259 Ga. App. 339, 341 (2) (577 SE2d 45) (2003).
[10] *Isaac v. State*, 237 Ga. App. 723, 726 (2) (516 SE2d 575) (1999).