A07A1409. CHESTNUT v. THE STATE.

(652 SE2d 596)

PHIPPS, Judge.

After a stipulated bench trial, Rufus Chestnut was convicted of incest by engaging in sexual intercourse with his adult niece, S. C. Chestnut claims that the trial court erred by applying the presumption of legitimacy provided for in OCGA § 19-7-20 to find an uncle-niece relationship. He also claims that the evidence was insufficient because the state failed to prove the relationship of uncle and niece, as is required for a violation of the Georgia incest statute.[1] We conclude that an uncle-niece relationship did exist between Chestnut and S. C. and that the evidence was sufficient to support Chestnut's conviction for incest.

The parties stipulated that the state would produce certain evidence at trial, including that Chestnut knew that S. C. was born to his brother's wife during the course of their marriage and that S. C. was not his brother's biological child. The stipulation also provided that Chestnut's brother had never taken any legal action to challenge S. C.'s paternity. Chestnut had sexual intercourse with S. C. on April 12, 2005.

The trial court found Chestnut guilty of incest. Relying on Georgia's legitimation statute,[2] the court reasoned that even though Chestnut's brother was not S. C.'s biological father, he was her legal father because S. C. was born during the marriage of S. C.'s mother to Chestnut's brother.

"A child's legal father is defined as the man married to the biological mother at the time the child was conceived or born, unless such paternity is disproved by final court order."[3] It is undisputed

---

[1] OCGA § 16-6-22 (a) (6) provides that a person commits the offense of incest when the person engages in sexual intercourse with a person to whom he knows he is related by blood or marriage, which includes the relationship of uncle and niece.

[2] OCGA § 19-7-20.

[3] *Baker v. Baker*, 276 Ga. 778, 779 (1) (582 SE2d 102) (2003) (citing OCGA § 19-8-1 (6)); see also OCGA § 15-11-2 (10.1) (B).

that S. C. was born during the marriage of S. C.'s mother to Chestnut's brother. There is no evidence of a court order disproving paternity. As a result, Chestnut's brother was S. C.'s legal father at the relevant time.

Chestnut knew that S. C. was born to his brother's wife during the course of their marriage and that his brother had never legally challenged paternity. He therefore had knowledge that S. C. was his brother's daughter and, hence, his niece. Chestnut stipulated that he had sexual intercourse with S. C. Under these circumstances, a rational trier of fact was authorized to find Chestnut guilty beyond a reasonable doubt of incest.[4]

This case is distinguishable from *Glisson v. State*[5] and *Shabazz v. State*,[6] relied on by Chestnut.[7] In *Glisson*, this court held that the Georgia incest statute did not prohibit sexual intercourse between a stepgrandfather and stepgranddaughter because those persons were not specifically listed in the statute.[8] In *Shabazz*, this court held that the statutory definition of incest did not include sexual intercourse between a male and his stepsister.[9] In this case, however, Chestnut and S. C. were uncle and niece, and that relationship is specifically included in the Georgia incest statute.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 1, 2007.

*John C. Culp*, for appellant.
*Richard E. Currie, District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.

---

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] 188 Ga. App. 152 (1) (372 SE2d 462) (1988).

[6] 259 Ga. App. 339 (1) (577 SE2d 45) (2003).

[7] Chestnut also relies on *Kemp v. Simpson*, 278 Ga. 439 (603 SE2d 267) (2004), a habeas action in which the appellee argued that his trial counsel was ineffective for allowing him to plead guilty for having sexual intercourse with his stepniece because that was not prohibited by the incest statute. The Supreme Court, however, never addressed whether a stepuncle-stepniece relationship was covered by the incest statute.

[8] *Glisson*, supra at 152-153 (1).

[9] *Shabazz*, supra.