A11A0395. BEAVER v. THE STATE.

(707 SE2d 590)

McFADDEN, Judge.

Carol Beaver pled guilty in the Superior Court of Colquitt County to two counts of cruelty to children in the second degree. The trial court accepted the pleas, entered judgments of conviction and imposed a total sentence of five years in confinement, followed by fifteen years on probation. The trial court denied a motion to withdraw the guilty pleas.

Beaver appeals, claiming that the accusation was "unconstitu-

---

tionally drawn," that there was no factual basis for the guilty pleas and that her trial counsel was ineffective. Because she waived the challenge to the accusation and there was a factual basis for the pleas, we affirm. And since this appeal presents the first practicable opportunity for her to raise the ineffective assistance claim, we remand the case to the trial court for a hearing on that claim.

1. In her first enumeration of error, Beaver complains that her cruelty to children convictions must be reversed because they are "based upon an unconstitutionally drawn accusation." To the extent this enumeration constitutes a challenge to the form and substance of the accusation, it has been waived.

> [T]he right to be tried upon an [accusation] that is perfect in form and in substance is waived when a defendant fails to timely and properly challenge the [accusation]. Because [Beaver] failed to challenge the accusation by way of special demurrer or by filing a motion to quash before entering [her] guilty plea, [she] waived the right to a perfect accusation.

(Citations and punctuation omitted.) *State v. Hammons*, 252 Ga. App. 226, 229 (2) (a) (555 SE2d 890) (2001).

Similarly, to the extent that Beaver attempts to challenge the constitutionality of the cruelty to children statute, she has waived such challenge by failing to raise it in, and obtain a ruling from, the trial court. *Boykins-White v. State*, 305 Ga. App. 827, 833 (6) (701 SE2d 221) (2010). Accordingly, this enumeration provides no basis for us to reverse the judgment of the trial court.

2. Citing *Shabazz v. State*, 259 Ga. App. 339, 340 (1) (577 SE2d 45) (2003), for the proposition that an indictment or accusation cannot be used to establish the factual basis for a guilty plea, Beaver contends that the trial court erred in accepting her guilty pleas because there was no factual basis for them other than the state's reading of the accusation to the court. The Supreme Court of Georgia, however, has expressly held "that an indictment alone may contain enough information to establish that the facts alleged by the State actually satisfied the elements of the charges to which a defendant was pleading guilty." (Citations and punctuation omitted.) *Adams v. State*, 285 Ga. 744, 748 (4) (b) (683 SE2d 586) (2009). Moreover, in so holding, the Supreme Court overruled *Shabazz* to the extent that it holds to the contrary. Id. at 748, n. 5.

At the plea hearing in this case, after Beaver entered her guilty pleas and expressly indicated to the court that she is "in fact, guilty," the judge asked the state for the facts of the case. The prosecuting attorney then tracked the language of the accusation, stating that if the matter had gone to trial, the evidence would have shown that

Beaver was criminally negligent in that, between certain dates, she caused her two minor children cruel and excessive physical and mental pain by allowing the children to be alone with two people whom she knew or should have known were molesting them. In response to questions from the trial court, Beaver then testified that she had heard and understood the facts as to the two counts and that they were substantially correct.

Under these circumstances, and

> [a]fter considering the relevant statute[ ], see [OCGA § 16-5-70 (c)], we find that the [accusation] provided ample information from which the trial court could discern that the facts alleged by the state actually satisfied the elements of the charges to which [Beaver] was pleading guilty.

*Green v. State*, 265 Ga. 263, 265 (2) (454 SE2d 466) (1995). Because there was a sufficient factual basis for the guilty pleas, the trial court did not err in accepting them. See *Lamb v. State*, 278 Ga. App. 97, 100 (2) (628 SE2d 165) (2006).

3. Beaver claims that her trial counsel was ineffective and asks that we remand the case to the trial court for a hearing on that claim.

> A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing and may not file a direct appeal if the only evidence in the record is the transcript of the guilty plea hearing. The proper remedy is to move to withdraw the plea or, if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus.

(Citation and punctuation omitted.) *Carleton v. State*, 302 Ga. App. 29, 30 (2) (690 SE2d 426) (2010). Beaver properly filed her motion to withdraw the guilty pleas during the term of court in which it was entered. See OCGA § 15-6-3 (35) (B). At a hearing on the motion, trial counsel specifically requested that new counsel be appointed to represent Beaver, but the trial court denied the request. Trial counsel subsequently filed the notice of appeal. Several months later, new appellate counsel was appointed and made an entry of appearance.

"Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue." (Citation and punctuation omitted.) *Ruiz v. State*, 286 Ga. 146, 149

(2) (b) (686 SE2d 253) (2009). Because this appeal is the earliest practicable opportunity for new appellate counsel to raise an ineffectiveness claim, we remand the case to the trial court for a hearing on that claim. Compare *Dawson v. State*, 302 Ga. App. 842, 844 (691 SE2d 886) (2010) (no remand where appellate counsel was appointed prior to filing of notice of appeal).

*Judgment affirmed and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 10, 2011.

*John G. Wolinski*, for appellant.

*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellee.