**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**December 21, 2012**

# In the Court of Appeals of Georgia

A12A1704. VALLDEPARAS v. THE STATE.

ADAMS, Judge.

Carlos E. Valldeparas appeals from the trial court's dismissal of his pro se "Motion to Modify Sentence" as untimely. Valldeparas argues on appeal that the Superior Court of Gwinnett County erred, and his appointed counsel was ineffective, in failing to construe his motion as one for habeas corpus and thus in failing to address the motion on its merits.

While represented by retained counsel, Valldeparas pled guilty to four counts of child molestation on August 25, 2011, and the trial court sentenced him to forty years, to serve twenty. On September 20, 2011, and October 26, 2011, Valldeparas filed pro se "Motion[s] to Modify Sentence." The first requested a reduction in the sentence to "a more reasonable judgment in order that he may continue his

contribution to society and his family." The second motion raised issues of equal protection and fairness, citing other sentences imposed for similar crimes, and once again asked the court, based upon his "work history with law enforcement, his limited criminal history and his age" to modify its sentence "to a more reasonable and fitting judgment in order that he may continue his contribution to society." Both motions were denied by written order without a hearing.

On November 23, 2011, Valldeparas filed a third pro se "Motion to Modify Sentence" (the "Third Motion"). In this motion, Valldeparas asserted that his guilty plea was not "intelligently made or fully understood nor wholly voluntary, but undertaken while under duress, stress, and prolonged anxiety." He further asserted that his plea counsel was ineffective "by withholding information, misrepresenting facts, and adding an unnecessary, unethical urgency to the decision making process." Valldeparas also acknowledged that any attempt to withdraw his guilty plea was barred by the "restriction on motions and expired court terms," in addition to "the loss of entitled legal counsel during this critical stage of the criminal proceedings." His motion once again sought modification of his sentence.

Despite Valldeparas's acknowledgment in the Third Motion that he could not seek to withdraw his guilty plea, the trial court denominated the motion as a motion

2

to withdraw a guilty plea in its orders setting the matter for a hearing. The trial court also appointed an attorney to represent Valldeparas in connection with the Third Motion.

At the motion hearing in February 2012, Valldeparas's attorney never addressed the Third Motion or the issues raised therein. Instead, he addressed the September 20, 2011 motion, conceding that even if the trial court were to have construed that motion as one to withdraw a guilty plea, it would have been untimely because it was outside the term in which the plea had been entered.[1] He noted that the trial court would have no choice but to deny that motion as untimely. Valldeparas explained, however, that he had not filed a motion to withdraw because "I understood that it was out of time . . . ." Nevertheless, following Valldeparas's attorney's statement regarding his first pro se motion, the State moved to dismiss the Third Motion as untimely. And the trial court subsequently issued an order stating that it had construed the Third Motion as a motion to withdraw a guilty plea "[b]ased on the nature of the motion" and dismissed the motion as untimely.

---

[1] See *Matthews v. State*, 295 Ga. App. 752, 754 (1) (673 SE2d 113) (2009) (motion to withdraw guilty plea must be filed in same term in which defendant sentenced; otherwise court lacks jurisdiction to consider motion).

1. We agree with Valldeparas that the trial court erred in interpreting the Third Motion as a motion to withdraw his guilty plea and in dismissing it as untimely. Valldeparas clearly expressed his understanding in his motion, and at the hearing, that the time had passed to file a motion to withdraw his plea and that he was not asserting such a motion.

Moreover, we agree with Valldeparas that the trial court should have looked past the form of the Third Motion to its substance to determine whether it could have been considered as a valid petition for habeas corpus. Valldeparas asserted in the Third Motion that his guilty plea was not fully understood, knowing or voluntary, but rather was entered under duress, stress and anxiety. The motion also asserted that he received ineffective assistance of counsel in the form of withheld facts, misrepresentations and undue time pressure at the time of entering his plea. The proper remedy for making a claim of ineffective assistance of counsel in connection with a guilty plea is "to move to withdraw the plea or, if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus." (Citation omitted.) *Beaver v. State*, 308 Ga. App. 380, 382 (3) (707 SE2d 590) (2011). Here, because a motion to withdraw would have been untimely, the trial court should have considered whether it was appropriate to treat the Third Motion as a habeas petition.

4

See *Waye v. State*, 239 Ga. 871, 875 (1) (238 SE2d 923) (1977) (petition for writ of coram nobis and/or motion to vacate plea should have been treated as a habeas petition where the petition/motion alleged that plea was not voluntary, was not knowingly made and the assistance of counsel was ineffective); *Sims v. State*, 230 Ga. 589 (198 SE2d 298) (1973) (same for petition for writ of coram nobis seeking to set aside a sentence on ground that defendant was insane at time of plea), overruled on other grounds, *Parris v. State*, 232 Ga. 687, 690 (208 SE2d 493) (1974) (same for petition for coram nobis on ground that defendant denied right to counsel at time of plea); *Moss v. State*, 255 Ga. App. 107, 108 (564 SE2d 516) (2002) (same where petition for writ of coram nobis alleged that Moss entered plea without being informed of his rights and no effort to ensure factual basis existed for plea).[2] Compare *Martin v. State*, 240 Ga. 488 (241 SE2d 246) (1978) (Supreme Court treated motion to vacate and set aside as an extraordinary motion for new trial, and not as habeas

---

[2] A petition for coram nobis "is the ancestor of an extraordinary motion for new trial based on newly discovered evidence," and the prerequisites for both "appear to be identical." (Citations omitted.) *Waye v. State*, 255 Ga. App. at 872-873 (1).

5

petition where trial court lacked venue to consider habeas and defendant failed to file application in Supreme Court following the *denial* of the motion).[3]

Accordingly, we reverse the trial court's order dismissing the Third Motion as untimely and remand the case for a consideration of the motion on its merits. Upon remand, the trial court must determine whether the Third Motion could be considered to be a valid habeas petition, given the requirements for initiating such a proceeding.[4] See OCGA §§ 9-14-1, et seq. If the Third Motion is construed as a habeas petition, it would have been timely because Valldeparas has four years from his felony convictions in which to initiate such proceedings. OCGA § 9-14-42 (c). If the Third Motion does not meet the requirements for a valid habeas petition, then the trial court would have no choice but to treat the motion as yet another motion to modify the sentence. Such a motion also would have been timely. See OCGA § 17-10-1 (f) (trial

---

[3] The Third Motion in this case cannot be treated as an extraordinary motion for new trial because "[o]ne who has entered a plea of guilty cannot move for a new trial, as there was no trial." (Citation and punctuation omitted.) *Davis v. State*, 274 Ga. 865 (561 SE2d 119) (2002).

[4] For example, a petition for habeas corpus must be filed in the superior court of the county in which the petitioner is being detained, OCGA § 9-14-43, and Valldeparas listed his address on the Third Motion as the Gwinnett County Detention Center. Thus, the trial court must determine whether Valldeparas was indeed detained in Gwinnett County when he filed the motion.

6

court retains jurisdiction for one year from the time the sentence is imposed to correct or reduce a sentence). Either way, therefore, Valldeparas is entitled to have his motion considered on its merits.

2. And although we note that Valldeparas's motion counsel inexplicably failed to even mention the Third Motion at the motion hearing, we do not reach Valldeparas's claim of ineffective assistance of counsel in this appeal given our holding above. In any event, the current appellate record is inadequate to address such a claim, and any remaining claim that motion counsel was ineffective would have to be addressed on remand.

*Judgment reversed and case remanded with direction. Barnes, P. J., and McFadden, J., concur.*