## A89A1301. EADS v. THE STATE.
(387 SE2d 591)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of one count of exploitation of a disabled adult in violation of OCGA § 30-5-8 (a), two counts of public assistance fraud in violation of OCGA § 49-4-15, and fourteen counts of felony theft by taking in violation of OCGA § 16-8-2. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Of the felony theft by taking counts, twelve alleged that appel-

lant, "being a fiduciary in breach of his fiduciary obligation," had unlawfully appropriated the proceeds of certain checks. Appellant enumerates the general grounds as to these twelve counts, urging the absence of any evidence that he had acted "in breach of his fiduciary obligation" to the checks' payee.

The evidence shows that, in 1982 and again in 1986, the elderly victim executed a power of attorney to appellant, authorizing him to "sign, endorse, receive, deposit or issue checks" on her behalf. Between May 1, 1986, and April 3, 1987, appellant placed the victim's endorsement on the back of her checks, cashed them, and appropriated the funds. In endorsing the victim's checks, appellant was not committing forgery because that act was within the scope of his authority. However, in appropriating the funds, appellant was clearly guilty of theft of the victim's property "in breach of his fiduciary obligation" to her. A rational trior of fact could reasonably have found, from the evidence adduced at trial, proof of appellant's guilt of theft by taking in breach of his fiduciary obligation beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court gave a general instruction on the definition of a "fiduciary relationship." Appellant enumerates the giving of the instruction as error.

The instruction given by the trial court does appear to misstate the law of this State, at least insofar as it indicates that the mere reposing of one's faith, confidence and trust in another can give rise to a "fiduciary relationship." See generally *Dover v. Burns,* 186 Ga. 19, 26 (1) (196 SE 785) (1938); *Lewis v. Alderman,* 117 Ga. App. 855 (1) (162 SE2d 440) (1968). If it would be error to give the charge in an equitable proceeding, it would certainly be error to give it in this criminal action. However, any error in the giving of the charge was clearly harmless. Under the evidence of record, appellant was, as a matter of law, a fiduciary as to the elderly victim. As noted, she had executed a power of attorney to appellant. Accordingly, an erroneous general definition of a "fiduciary relationship" could not have harmed appellant. The only disputed issue was whether, after appellant had endorsed the victim's checks pursuant to his power of attorney, he then unlawfully appropriated the proceeds. If he did, he was guilty of felony theft by taking. If he did not, he was guilty of no crime whatsoever. Under the evidence, the charge could not have resulted in an unsupported conviction for felony theft by taking and a reversal is not mandated.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 23, 1989.

Kenneth L. Chalker, Jr., for appellant.

Thomas J. Charron, District Attorney, James F. Morris, Nancy I. Jordan, Assistant District Attorneys, for appellee.