**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 20, 2025**

# In the Court of Appeals of Georgia

A24A1736. DUPREE v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Jatony Dupree was convicted of exploitation and intimidation of a disabled adult (OCGA § 16-5-102 (a)); aggravated assault (OCGA § 16-5-21); violation of the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-15-1 et. seq); and false imprisonment (OCGA § 16-5-41). The trial court denied his motion for new trial, and he filed this timely appeal.

Dupree argues that the evidence was insufficient to support the conviction of exploitation and intimidation of a disabled adult because the state failed to prove that the victim was disabled. We agree. The state failed to present evidence that any impairment the victim may have had substantially affected his abilities, as the statutes

establishing this crime require to prove the victim is disabled. So we reverse that conviction.

Dupree argues that the trial court erred by failing to instruct the jury on battery as a lesser included offense of aggravated assault. Under the evidence presented at the trial of this case, we agree. So we vacate that conviction. But because the evidence presented at trial was legally sufficient to authorize a rational jury to find Dupree guilty beyond a reasonable doubt of aggravated assault, Dupree may be retried on the aggravated assault counts of the indictment.

Dupree argues that the evidence was insufficient to support his conviction for violation of the Georgia Street Gang Terrorism and Prevention Act. We hold that the state presented sufficient evidence from which a rational jury could find beyond a reasonable doubt that Dupree violated the Act. So we affirm that conviction.

Dupree argues that the trial court erred by failing to sua sponte declare a mistrial when the members of the jury expressed concern about the foreperson's name being made public and that the trial court erred by sealing the verdict in answer to the jurors' concern. Dupree has not shown reversible error.

Dupree raises several arguments regarding the admission of evidence. He has not shown reversible error for any of them. Finally, Dupree argues that trial counsel was ineffective. We hold that he has failed to show both deficient performance and prejudice.

In sum, we reverse the conviction for exploitation and intimidation of a disabled adult. We vacate the conviction for aggravated assault, although Dupree may be retried on that charge. We affirm the conviction for violation of the Georgia Street Gang Terrorism Act and the conviction for false imprisonment.

1. *Evidence at trial*

The evidence presented at trial[1] showed that the victim was at his aunt's apartment, when Joel Denson, a member of the Gangster Disciples gang, entered the apartment and began speaking with the aunt. Denson then questioned the victim about the victim's claim that he was a member of the gang. The victim had adopted the language of the gang while he was in prison and had been telling people that he was a

---

[1] "In light of the harmless-error analysis we undertake [elsewhere in] this opinion, we review the record de novo, and we weigh the evidence as we would expect reasonable jurors to have done so as opposed to viewing it all in the light most favorable to the jury's verdict." *Moore v. State*, 315 Ga. 263, 264 (1) n.2 (882 SE2d 227) (2022).

member of the gang. The members of the Gangster Disciples punish people for falsely claiming to be a member of the gang.

Denson made a telephone call, and 15 to 20 minutes later, a group of four men, including Dupree, came to the apartment. The men held down the victim and began beating him. Denson instructed the men to "[b]ust his ribs up." In the video, one of the assailants exclaimed, " you claiming G. D." "G. D." is shorthand for "Gangster Disciples."

During the assault, the victim said that he is "6-0-6" or "F-O-F," terminology that at one time meant "friend of the gang." One of the men beating the victim responded, "6-0-6 don't mean nothing around here[.]" An assailant filmed the incident, and the video recording was played for the jury. The state introduced photographs showing the victim's broken ribs.

An expert in gangs generally and the Gangster Disciples in particular testified that the Gangster Disciples have a presence in Dublin, Georgia, where this incident occurred. According to the expert, the members of the gang are "fiercely loyal" to their brand and protect it by preventing people who are not members from claiming that they are. The expert testified that the Gangster Disciples have a rule that requires

them to respond if another member calls for assistance, so the group of men coming to the apartment after Denson's phone call was consistent with Gangster Disciples culture.

2. *Exploitation and intidmidation of a disabled adult*

Dupree argues that the evidence did not support his conviction for exploitation and intimidation of a disabled adult because the state did not prove that the victim was disabled. We agree.

OCGA § 16-5-102 (a) provides, "Any person who . . . willfully inflicts physical pain [or] physical injury . . . upon a disabled adult . . . shall be guilty of a felony . . . ." OCGA § 16-5-100 (3) defines "disabled adult" to mean "a person 18 years of age or older who is mentally or physically incapacitated. . . ." OCGA § 16-5-100 (7.1), in turn, defines "mentally or physically incapacitated" to mean "an impairment which substantially affects an individual's ability to . . . [p]rovide personal protection; . . . [p]rovide necessities, including but not limited to food, shelter, clothing, medical, or other health care; . . . [c]arry out the activities of daily living; or . . . [m]anage his or her resources."

Viewed in the light most favorable to the verdict, *Rooks v. State*, 317 Ga. 743, 751 (2) (893 SE2d 899) (2023), the record shows that the state presented evidence that the victim has a mental illness and an intellectual disability; that he has a mental health counselor; that he completed the ninth grade; and that he was in special needs classes while he was in school. But the state presented no evidence that any impairment substantially affected his ability to provide personal protection, to provide necessities, to carry out the activities of daily living, or to manage his resources. OCGA § 16-5-100 (7.1).

So the state failed to prove that the victim was a disabled adult as defined for the purposes of OCGA § 16-5-102 (a), and the evidence does not support this conviction. Cf. *Cawthon v. State*, 350 Ga. App. 741, 746 (1) (a) (830 SE2d 270) (2019) (evidence that victim could not provide basic necessities for herself; was unable to manage her own financial affairs; and had an IQ score of 67 was sufficient to prove that she was mentally or physically incapacitated within the meaning of OCGA § 16-5-100 (7.1)); *Smith v. State*, 311 Ga. App. 757, 760-761 (2) (a) (ii) (717 SE2d 280) (2011) (trial court did not err in denying motion to quash indictment when evidence showed that victim read at a first- or second-grade level; did not understand monetary denominations;

needed help with feminine hygiene; had bowel movements in her pants; could not care for herself on a daily basis; and scored an IQ of 30).

3. *Jury charge on battery as a lesser included offense of aggravated assault*

Dupree argues that the trial court erred by refusing to give his written request to charge the jury on misdemeanor battery as a lesser included offense of aggravated assault. We agree.

"(A) written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *Shah v. State*, 300 Ga. 14, 19 (2) (793 SE2d 81) (2016) (citation and punctuation omitted). "Whether the evidence warranted the requested instruction is a legal question that we review de novo. We hold that there is at least slight evidence that warranted the requested instruction." *Brooks v. State*, 369 Ga. App. 450, 453 (2) (892 SE2d 400) (2023) (citation and punctuation omitted).

The indictment charged two counts of aggravated assault. Count 2 alleged that Dupree made "an assault upon the person of [the victim] with his fists, a deadly weapon in the manner used, by intentionally . . . striking the [victim] in an attempt to commit a violent injury upon said person. . . ." Count 3 alleged that Dupree made "an

assault upon the person of [the victim] with his fists, a deadly weapon in the manner used, by placing [the victim] in reasonable apprehension of immediately receiving a violent injury by striking [the victim]. . . ." (Dupree was convicted on both counts, and the trial court merged them for sentencing.) See OCGA §§ 16-5-20 (a) ("A person commits the offense of simple assault when he or she either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury."); 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon. . . .").

Dupree requested that the trial court charge the jury that: "A person commits the offense of battery when that person intentionally causes substantial physical harm or visible bodily harm to another. . . ." See OCGA § 16-5-23.1 (a) ("A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another.").

"Physical contact is required for a simple battery but not for aggravated assault, and hence the crime of simple battery is not necessarily included in the crime of aggravated assault." *Tuggle v. State*, 145 Ga. App. 603, 604 (1) (244 SE2d 131) (1978).

8

And "where the physical or bodily harm is committed with a deadly weapon, . . . battery is not a lesser included offense." *Scott v. State*, 208 Ga. App. 561 (1) (430 SE2d 879) (1993) (citation and punctuation omitted). But "[w]hether a fist was used as a deadly weapon in a particular case is for the jury to decide." *Redding v. State*, 309 Ga. 124, 127 (2) (844 SE2d 725) (2020). "Battery is therefore not necessarily included in aggravated assault, as a matter of law, but the facts in a given situation may be such that it is included as a matter of fact." *Mathis v. State*, 184 Ga. App. 455, 458 (7) (361 SE2d 856) (1987) (emphasis omitted). Further, as noted above, "a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *Shah*, 300 Ga. at 19 (2) (citation and punctuation omitted).

> Under the facts of this case, the jury was authorized to believe: that the defendant struck the victim[, causing substantial physical harm or visible bodily harm,] but that he did not strike the victim with a deadly weapon; that the [defendant's fists were] not used in a fashion that was deadly; [or] that the defendant did not intend to use [his fists] as a deadly weapon in [striking] the victim. . . . Such possible factual determinations by the jury make the crime [of battery] a lesser included offense [of aggravated assault] as a matter of fact.

9

*Fulton v. State*, 232 Ga. App. 898, 899 (1) (503 SE2d 54) (1998). See *Buchanan v. State*, 173 Ga. App. 554 (3) (327 SE2d 535) (1985) ("there was no error in giving [a] charge [on simple battery] inasmuch as there was evidence that authorized the jury to find appellant guilty of simple battery" instead of the aggravated assault with which he was charged for using his hands and feet to strike the victim, breaking his cheekbone); *Guevara v. State*, 151 Ga. App. 444, 445-446 (2) & (3) (260 SE2d 491) (1979) (whether defendant's use of hands and fists was deadly and whether his acts were punishable as an aggravated assault, as alleged in the indictment, or as a simple battery, as properly charged to the jury as a lesser included offense, were matters properly left to the jury).

Because both aggravated assault counts of the indictment alleged that Dupree committed the crime by striking the victim with his fists, we hold that the charging error concerns both counts. See *Tuggle*, 145 Ga. at 605 (holding that battery could have been a lesser included offense of either kind of assault if the indictment had alleged that the assaults were committed by striking and beating the victim). Cf. *Harris v.*

*State*, 342 Ga. App. 829, 833 (2) (805 SE2d 281) (2017) (citations and punctuation omitted).

> We note that, as a matter of constitutional due process, the evidence presented at trial and summarized above was, when viewed in the light most favorable to the verdicts, legally sufficient to authorize a rational jury to find [Dupree] guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Therefore, although we reverse [Dupree's aggravated assault] conviction[s] based on the instructional error, the [s]tate may choose to retry [Dupree on the aggravated assault counts] as well as the lesser included offense of [battery], as to which the jury did not return a verdict.

*McIver v. State*, 314 Ga. 109, 144 (2) (h) (875 SE2d 810) (2022).

4. *Georgia Street Gang Terrorism and Prevention Act*

Dupree argues that the evidence does not support his conviction for violation of the Georgia Street Gang Terrorism and Prevention Act, OCGA § 16-15-1 et seq., because the state failed to prove that he was a member of a gang or that the victim was harmed because of gang activity.[2] We hold that, when the evidence presented at trial

---

[2] Although Dupree enumerates as error that the evidence was insufficient to sustain the convictions on all counts, he argues only the sufficiency of the evidence to sustain the conviction for exploitation and intimidation of a disabled adult and

is viewed in the light most favorable to the verdicts, the jury could have found Dupree guilty beyond a reasonable doubt of this crime. *Rooks*, 317 Ga. at 751 (2).

Subsection (a) of OCGA § 16-15-4 provides, "It shall be unlawful for any person . . . associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3." OCGA § 16-15-3 (1) (J), in turn, provides that "'[c]riminal gang activity' means the commission, attempted commission, [or] conspiracy to commit . . . [a]ny criminal offense . . . that involves violence. . . ."

To establish that Dupree violated the Street Gang Terrorism and Prevention Act, the state was required to prove:

> (1) the existence of a "criminal street gang," defined in OCGA § 16-15-3 (2) as "any organization, association, or group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity"; (2) the defendant's association with the gang; (3) that the defendant committed one of the offenses identified in OCGA § 16-15-3

---

violation of the Georgia Street Gang Terrorism and Prevention Act. So we do not address whether the evidence was sufficient to support the conviction of false imprisonment. *Morrell v. State*, 318 Ga. 244, 246 (1) n.3 (897 SE2d 841) (2024). As detailed in Division 3, we hold, in the context of the reversal of his aggravated assault convictions, that the evidence was sufficient and so he may be retried for aggravated assault.

(1); and (4) that the crime was intended to further the interests of the gang.

*Boyd v. State*, 306 Ga. 204, 209 (1) (b) (830 SE2d 160) (2019) (citations and punctuation omitted).

As noted, Dupree argues that the state failed to prove that he was a member of a gang, a challenge to the first and second elements, and that the victim was harmed because of gang activity, a challenge to the fourth element.[3]

First, the state presented evidence that the Gangster Disciples is a criminal street gang. The gang expert testified about the origin of the gang; its culture; its structure; its purpose to control territory and the drug trade; and its members' commission of murders and beatings. This testimony was sufficient for the jury to find the existence of a criminal street gang. See *Rooks*, 317 Ga. at 753 (2) ("With respect to the first element, gang experts testified, among other things, that the Gangster Disciples was a structured, traditional gang and that members committed an array of

---

[3] As for the third element, Dupree has not made a meaningful argument and "has not applied the relevant law to the facts at issue, with the result that he sheds no light on this issue." *Martin v. State*, 370 Ga. App. 275, 278 (2) (896 SE2d 874) (2024) (citation and punctuation omitted). We deem the issue to be abandoned. Id. See also Court of Appeals Rule 25 (d) (1).

criminal activity, including drug trafficking, fraud, robbery, assault, and murder.")
(punctuation omitted).

Second, the video of the incident showed five people, including Denson and Antwon Odum, members of the Gangster Disciples, as well as Dupree, participating in the beating. The "evidence that [Dupree] participated in the [beating] with other [Gangster Disciples] members was sufficient to prove that he was at least associated with [the Gangster Disciples], which is all the statute requires." *Tedder v. State*, 320 Ga. 29, 37 (2) (b) (907 SE2d 623) (2024). So the state presented sufficient evidence from which the jury could conclude beyond a reasonable doubt that Dupree was associated with the gang, satisfying the first and second elements.

Finally, the state presented sufficient evidence from which the jury could conclude beyond a reasonable doubt that the beating of the victim was in furtherance of the gang's interest in protecting its brand and culture, satisfying the fourth element. We reject Dupree's challenge to the sufficiency of the evidence.

5. *Jury issues*

Dupree argues that the trial court should have sua sponte granted a mistrial because of an issue that arose during jury deliberations. He also argues that the trial

court plainly erred by failing to question the jurors individually about the issue. We disagree.

During deliberations, the jurors sent a note to the court asking whether the foreperson's name would "be made public on forms and will we be in any danger with gang activity?" The state proposed placing the verdict under seal after the foreperson had signed it. Defense counsel responded, "I don't have any objection so long as it does not in any way affect the [d]efendant's rights post-conviction if it is a conviction." In light of the fact that only the name of the foreperson, not any of the other jurors, appeared on the verdict form, the court informed the jury that, "The name of [the] foreperson who signs the verdict form will be sealed and not revealed to the public."

Whether to grant a mistrial is a "decision . . . within the discretion of the trial court and will not be disturbed on appeal unless there is a showing that a mistrial is essential to the preservation of the right to a fair trial." *Lewis v. State*, 293 Ga. 110, 115-116 (6) (744 SE2d 21) (2013) (citation and punctuation omitted). See also *Fleming v. State*, 306 Ga. 240, 244 (2) (830 SE2d 129) (2019) ("the trial court did not deprive [defendant] of a fair trial by not declaring a mistrial sua sponte").

Dupree seems to argue that he was prejudiced because the jury's note demonstrated that the jurors' fear of gang retaliation influenced their verdict. "The trial court remedied [any issue] immediately [by informing the jurors that the foreperson's name — the only juror name on the verdict form — would not be made public]. . . . The trial court's actions preserved [Dupree's] right to a fair trial, and the trial court did not abuse its discretion when it did not declare a mistrial sua sponte." *Lewis*, 293 Ga. at 116 (6).

Dupree also enumerates as error the trial court's failure to address the concerns of each juror individually. Trial counsel did not ask the trial court to make such an inquiry, so Dupree argues that the trial court plainly erred. But Dupree cites no authority in support of his assertion that the alleged error is subject to plain-error review. See *Keller v. State*, 308 Ga. 492, 497 (2) (a) (842 SE2d 22) (2020) (listing limited categories of alleged errors for which plain-error review is available). So this claim presents nothing for review. *Brock v. State*, 319 Ga. 765, 772-773 (3) (906 SE2d 739) (2024).

6. *Evidentiary issues*

Dupree raises challenges to the admission of certain testimony. "We review a trial court's evidentiary rulings under an abuse of discretion standard of review." *Moreland v. State*, 356 Ga. App. 452, 454 (1) (847 SE2d 641) (2020) (citation and punctuation omitted). "Error shall not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. . . ." OCGA § 24-1-103 (a). Dupree has not met that standard.

(a) *Victim's testimony*

Dupree argues that the trial court erred by allowing the victim to testify that he was attacked for saying that he was a part of the gang. Dupree argues that the victim did not have personal knowledge about why he was attacked, so his testimony was speculation. But the victim's testimony was based upon his own experience and it is supported by the video recording of the attack played for the jury. A lay witness's testimony in the form of opinions or inferences is admissible if it is "[r]ationally based on the perception of the witness[.]" OCGA § 24-7-701 (a) (1). See also OCGA § 24-6-602 (a witness's own testimony may prove that he has personal knowledge of the matter at issue). "[A]s a general matter a lay witness may offer opinion testimony based on experience even if the testimony touches upon an ultimate issue to be

17

decided by the jury." *Gold v. State*, 319 Ga. 149, 155 (2) (b) (902 SE2d 593) (2024).

So Dupree has not shown error. Moreover, the investigating officer and the gang

expert also testified, without objection, about the motive for the attack. So Dupree has

not shown harm. *Anglin v. State*, 302 Ga. 333, 336 (2) (806 SE2d 573) (2017).

(b) *Investigating officer*

Dupree enumerates several errors concerning the testimony of the investigating

law enforcement officer. Dupree has not shown reversible error

> As a threshold matter, we note that [Dupree] has failed to comply with Court of Appeals Rule 25 [(a) (7)], which requires that the sequence of arguments in a brief follow the order of the enumeration of errors. . . . Moreover, the arguments do not coincide with the numbered enumerations, and do not follow the order of the enumerations. As we have previously held, Rule (25) [(a) (7)] is more than a mere formality. It is a requirement which this [c]ourt imposes to ensure that all enumerations of error are addressed and to facilitate review of each enumeration. By failing to comply with the rule, (Dupree) has hindered the [c]ourt's review of his assertions and has risked the possibility that certain enumerations will not be addressed. However, to the extent that we are able to discern which enumerations are supported in the brief by citation of authority [and] argument, we will address those enumerations.

*McCombs v. State*, 306 Ga. App. 64, 64-65 (1) (701 SE2d 496) (2010) (citation and punctuation omitted).

Dupree argues that the trial court erred by allowing the officer to testify about an encounter that the officer had with gang member Joel Denson prior to the attack at issue in this case. During the encounter, Denson said, "brick life or no life." The officer testified at Dupree's trial that "brick life" refers to the apartment complex where this attack occurred, which is one of the gang's territories and is the reason that Dupree said during the attack that if they caught the victim back at the apartment complex, he was "beat." But counsel did not object to this testimony, so we review it only for plain error. OCGA § 24-1-103 (d).

Dupree contends that the testimony was inadmissible because the officer was not qualified as an expert and it was not within his personal knowledge. On the contrary, the officer's testimony about "brick life" and the gang's territory was based on his three or four years of investigation of the Gangster Disciples in the city of Dublin. As detailed above, a lay witness's testimony in the form of opinions or inferences is admissible if it is "[r]ationally based on the perception of the witness[.]" OCGA § 24-7-701 (a) (1). See also OCGA § 24-6-602 (a witness's own testimony may

prove that he has personal knowledge of the matter at issue). Dupree has not shown that the admission of the officer's testimony amounted to plain error.

Dupree contends that the trial court erred by allowing the officer to testify about the gang's "bible," a document listing the gang's codes and rules that the officer recovered in an investigation of another gang member's residence unrelated to this case. Dupree's attorney objected to the testimony on the ground that the document was not relevant.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401. During his testimony, the officer explained that the document listed language that matched a tattoo on Dupree's left arm. This evidence was therefore relevant to proving that Dupree was associated with the gang, as required for a conviction under the Street Gang Terrorism and Prevention Act, *Boyd*, 306 Ga. at 209 (1) (b), and the trial court did not abuse his discretion in admitting it.

8. *Ineffective assistance of counsel*

Dupree raises two claims of ineffective assistance of counsel. We hold that he has not shown both deficient performance and prejudice for either claim.

To prevail on his claims, Dupree

must prove both that his counsel's performance was deficient and that the deficient performance prejudiced him. See *Strickland v. Washington*, 466 U.S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). Deficient performance means that "no reasonable lawyer would have done" what trial counsel did, while prejudice means there is a reasonable likelihood that the outcome of the trial would have been different but for the deficient performance.

*Parker v. State*, ___ Ga. ___, ___ (4) (___ SE2d ___) (Case No. S24A1327, decided Dec. 20, 2024) (citation and punctuation omitted).

Dupree argues that counsel performed deficiently "when counsel failed to object as speculative to the investigating officer's testimony that just before the beating, Dupree and the other individuals took their jackets off 'to get ready for a fight.'" Specifically, while testifying about video recordings from cameras installed on poles in the apartment complex, the officer testified about the movements of the assailants before and after the attack, including their entering, exiting, and re-entering the apartment where the attack occurred. The officer testified, "Several of them take

21

their jackets on an off which is indicative of fighting or getting overheated when you're going in and out."

The pole camera video recordings were played for the jury and showed the individuals removing their jackets and entering the apartment. And the video of the attack taken by one of the assailants and played for the jury showed the individuals beating the victim. We cannot say that no reasonable lawyer would have failed to object to the officer's testimony on the ground that it was speculative. "As a result, [Dupree] has not overcome the strong presumption that counsel performed reasonably, and his claim of ineffective assistance therefore fails." *Ivey v. State*, 305 Ga. 156, 162 (2) (c) (824 SE2d 242) (2019) (citation omitted).

Dupree argues that counsel was ineffective for failing to move for a mistrial when the jurors indicated that they were concerned about being in "danger of gang activity" and for failing to object to the sealing of the foreperson's name on the jury's verdict. Dupree has failed to establish prejudice. "He offers nothing more than a conclusory [statement that his right to a fair trial was impaired ], and in light of the [trial court's response to the jurors' concern, he has not shown] a reasonable

probability of a different outcome." *Whittaker v. State*, 317 Ga. 127, 137 (4) (c) (891 SE2d 849) (2023).

*Judgment affirmed in part, vacated in part, reversed in part, and case remanded. Mercier, C. J., and Rickman, P. J., concur.*